## H. H. ROWLAND & BRO. V. A. M. MURPHY.

(Case No. 2055.)

1. ACTION FOR DAMAGES—LIMITATION—AMENDMENT—A damage suit for injury to a store and its contents was filed within two years after the alleged injury. *Held*, an amendment more specifically describing the property but setting up no new cause of action, could be filed after two years had elapsed.

2. NEGLIGENCE—Negligence, in one sense, is a quality attaching to acts dependent upon and arising out of the duties and relations of the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches by virtue of such duties and relations. (Railway Company *v.* Murphy, 46 Tex., 366.)

3. SAME—PLEADING—DEMURRER—Neither a general nor special demurrer should be sustained to a petition stating facts from which the court or jury trying the cause may find that negligence existed. See opinion for petition stating such facts.

4. DAMAGES TO COMMUNITY PROPERTY—PARTIES TO ACTION—SURVIVOR—PRACTICE—A suit for damages was instituted by a merchant for the destruction of his store-

house and injury to his stock. The store and lot belonged to the community estate of himself and his deceased wife. *Held:*

(1) Plaintiff was a tenant in common with the children of himself and wife, as to the house and lot, and could not maintain an action to recover for himself the entire damages done to the comom estate. (May *v.* Slade, 24 Tex., 205.)

(2) That the premises were used before and after the death of the wife as a place of business, might entitle the husband to recover for injury to the right of present possession, but the children, to the extent of their present right to a future possession, suffered injury, and their cause of action could not be barred by a judgment in favor of their father.

(3) The fact that the father erected upon the lot a better house than the one estroyed, could not affect the children's right of action.

(4) A failure to file a plea in abatement to the defect of parties did not deprive efendants of the right to have plaintiff restricted, in his recovery, to compensation for the injury done to his own estate.

(5) Railway Company *v.* Knapp, 51 Tex., 600, and Railway Company *v.* Timmerman, 61 Tex., 662, shown not in conflict with the views expressed in this case.

APPEAL from Smith. Tried below before the Hon. Felix J. McCord.

A. M. Murphy brought this suit against H. H. Rowland & Bro. for damages alleged to have resulted to him from the fall of a brick building owned and occupied by Murphy at the time as a jewelry store, situated in Tyler, Smith county, Texas. It was alleged that the fall of the building was caused by the neglect and careless acts of Rowland & Bro. in making an excavation on the adjoining lot. That by neglect and carelessness in making the excavation, the building was thrown down and destroyed, together with its contents, consisting of watches, clocks, jewelry, show cases, etc.; and that thereby the plaintiff was damaged in the value of the house and the contents so destroyed. The case was tried at the April term of the district court of Smith county, and resulted in a verdict and judgment for Murphy in the sum of $1,981.

*Chilton, Robertson & Finley*, for appellants, on allegations of negligence, cited: Railway Company *v.* Montier, 61 Tex., 122; Express Company *v.* Darnell, 62 Tex., 639.

On the damages recoverable by plaintiff, they cited: May *v.* Slade, 24 Tex., 205; Railway Company *v.* Knapp, 51 Tex., 599.

*T. W. Dodd, J. M. Duncan, J. S. Hogg* and *Stephen Reaves*, for appellee, on the effect of the amendment, cited: 56 Tex., 152; 63 Tex., 622; 64 Tex., 529; 26 Tex., 614; 64 Tex., 108.

On the right of a survivor to the possession of the homestead and damages for injury to it, they cited: R. S., Art. 2004; Railway Company *v.* Timmermann, 61 Tex., 660.

STAYTON, ASSOCIATE JUSTICE.—The original petition was sufficient to have authorized a recovery for every injury done by the destruction or injury of property within the house alleged to have been thrown down by the negligence of the appellants. The amended petition filed more than two years after the injury was alleged to have occurred, but described the property alleged to have been injured more specifically than did the original petition, but in no way set up a new cause of action, and the court, therefore, properly sustained the special exceptions to the defendant's plea of limitation.

The second assignment of error embraces the substance of a proposition found in appellant's brief, which is as follows: "When the basis of plaintiffs' cause of action is the alleged neglectful acts of defendants, such acts of negligence and the facts connected therewith should be specifically averred, so that the court, as a matter of law from the facts stated, could determine whether the same constituted negligence, and a special exception pointing out this want of such specific allegations of acts should have been sustained."

Such a rule of pleading has never been recognized in this state or elsewhere. As said in Railway Company v. Murphy, 46 Tex., 366, "Negligence in one sense is a quality attaching to acts dependent upon and arising out of the duties and relations of the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches, by virtue of such duties and relations." This is doubtless the general rule, though cases may arise, when the facts on which negligence depends are admitted or not controverted, in which no injury could result from the assumption by a court, in its charge to the jury, that negligence existed. Such being the general rule, if the pleadings state facts, from which a court or jury trying a cause may find that negligence existed, it would be error to sustain either a general or special demurrer to such a pleading.

The respective parties were alleged to be the owners of contiguous parts of the same lot, and that on that of the plaintiff stood a brick house used by him as "a merchant jeweler, in the business of watch making and repairing, and selling clocks, watches, jewelry, and all kinds of gold, silver and diamond goods and musical instruments."

The petition further averred, that this house was thrown down, and the enumerated property therein destroyed or injured; and that this occurred through the negligence of the appellants in making an excavation on their part of the lot. The averments of the petition as to the particular acts of the defendants, which were charged to constitutute negligence, were, in substance, that they had caused an excavation up to and under the walls of the plaintiff's house along its entire length,

of the depth of five feet, whereby they removed the lateral and perpendicular support of the earth therefrom, which caused the fall and destruction of his house and injury to property therein situated.      The petition also complained that the defendants were unskillful, and negligent, both in the manner in which the excavation was made, and in the employment of unskilled persons to make it; that they had knowledge of the dangers to which they exposed the plaintiffs property by reason of the manner in which they made the excavation, and that they used deficient and improper tools and appliances in doing the work. From the facts thus pleaded, no court could say that a jury or court trying the cause, might not have properly found that the injuries of which the plaintiff complained, were caused by the negligence of the appellants.

There was evidence tending to show that while the defendants were having the excavation made, the plaintiff expressed fear that his property would be injured from the manner in which the excavation was made, and that in reply to this one of the defendants remarked that he would be responsible for any damage thus resulting.      The defendants sought a charge to the effect, that such declaration would not create a liability on the part of the defendants, if in fact they were not negligent, and this charge was refused.      We are of the opinion that a charge containing the substance of that asked upon this point might with propriety have been given.

It may be, however, that no injury resulted to the defendants from the refusal to give the charge referred to; for the entire charge given, made the right of the appellee to recover to depend upon the fact that the injuries of which he. complained were caused by the negligence of the appellants.

The evidence shows that the lot, and the house which stood on it, were bought during the lifetime of the wife of the appellee, who died prior to the destruction of the house, and that six of their children were living at the time the injury complained of occurred.      There is no evidence to show that the property was of the separate estate of the appellee, who is the sole plaintiff.      The petition averred that he was the owner, and there was a general verdict and judgment in his favor for $1,981 $\frac{3}{19}$.      There was evidence as to the injury resulting from the destruction of the house and from injury to its contents, and the charge of the court authorized the jury to find in favor of the appellee all the damages resulting from injuries to both classes of property as fully as would he have been had he been sole owner.

This is not an action in which the appellee seeks to recover damages only for an injury to the temporary possession to which he is entitled

so long as he uses it as his place of business, being the surviving head of a family; but it is an action not only to recover for an injury to such possession and for any injury he may have sustained to his estate in fee as co-owner, but it is an action in which he seeks to recover for such injuries and also for injuries done to the estate of his co-owners—injuries to the entire property. The defendants asked a charge limiting his right to recover, to such damages as resulted to him from injuries done to his interest in the property, and this instruction the court refused to give.

Under the evidence the house and lot were owned by the appellee and his six children, who where shown to be alive at the time the house was destroyed, unless some of them who inherited from their mother had since died leaving heirs other than their father or brothers or sisters. It is unnecessary to consider whether there was sufficient evidence to show that the ownership of any part of the personal property destroyed or otherwise injured was of the same character. As to the house and ground, the appellee and his children were tenants in common, with a qualified right in himself to the temporary use, and there is nothing in the pleadings or evidence to show that the appellee prosecutes this action as the qualified survivor of the community or in any other representative capacity.

The question then is: whether one tenant in common can maintain an action of this character and recover the entire damages done to the common estate. The negative of this proposition is established in the case of May v. Slade, 24 Tex., 205, which is in harmony with the rulings of the English courts and with the rulings of the courts of the other states of this union. The rule prevents the multiplicity of suits, and denies a recovery to one co-tenant for the entire damage done to the common estate, because a judgment in favor of one co-tenant alone rendered in an action to which he was sole plaintiff, would not bar the right of another co-tenant to recover, on the same cause of action, in his own right, to the extent of the damages to which he would be entitled for injuries done to his interest in the common property. One co-tenant in such case is not the representative of another.

It is urged that the house and ground constituted a part of the homestead of the appellee and his wife, at the time of her death, as it was then, and has since continued to be, his place of business, and that this entitles him to recover the damages for injuries done to the entire property. This might be true were the injury one only to the right of present possession, for the children would have no right to partition, or to a common possession so long as their father continues to use the property as his place of business. The children, however,

had a present right to a future possession, at the time the house was destroyed, and to the extent they have suffered injury, by the deprivation of this right, a cause of action accrued to them which a judgment in favor of their father cannot directly or indirectly bar.

That their father may have erected another and better house upon the ground, cannot affect their right of action, for if erected with community funds, their loss is in no way diminished, and if erected with the separate funds of the father, they may possibly be called upon at some future time to make compensation, or otherwise to adjust equities with their father or his assignees growing out of the expenditure made by him. If it be contended that in the improvements made on the ground, the children have a security that the father will account for the sum which he might receive, under the judgment in this case, this does not meet the question, for the children are entitled to be parties to an action through which it is to be determined what the extent of the injury is to themselves.

In the case of Railroad Company v. Knapp, 51 Tex., 600, the facts were materially different from the facts of this case, and there was no charge asked "limiting the plaintiff's recovery for permanent damages to the land according to her estate or interest, and thus apportioning the damages."

In Railway Company v. Timmermann, 61 Tex., 662, the question presented by this case was not raised by the assignments of error, and had it been, it is not apparent that the facts of the case would have called for its decision. The defect of parties in this case was not apparent upon the petition and may not have been known by the defendants before the trial, and therefore no plea in abatement filed; but the failure to file such a plea did not deprive them of the right to have the appellee restricted in his recovery to the sum which would compensate him for the injury done to his own estate. The other assignments of error relate to matters which may not arise upon another trial, and to the sufficiency of the evidence to support the verdict, upon which, as the judgment will have to be reversed on account of the failure of the court below to give a charge upon the subject we have considered, we refrain from expressing an opinion.

The judgment of the court below will be reversed and the cause remanded. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered October 19, 1886.]