GULF, WESTERN TEXAS & PACIFIC RAILWAY COMPANY
v. HERMAN GOLDMAN.

No. 506.

1. **Husband's Power Over Community Property After Wife's Death.**

The power of the husband over community property after death of wife should be extended so as to give him the power of a surviving partner to sue for, collect, and preserve the estate in trust for himself and others interested as creditors or otherwise, subject to be controlled by a court of equity when necessary to protect the beneficiaries ................................... 572

2. **Same—Case in Judgment.**

Husband and wife sued a railway company for damages caused by an un-drained ditch upon its right of way through their homestead. The damages claimed were depreciation in value of the land, sickness of family, removal to another residence, rental, and loss of time in going to and returning from work. Pending the suit the wife died. Then, over objection by the defendant, the husband alone was allowed to prosecute the suit to judgment, recovering such damages. *Held*, there was no error.......571, 572

3. **Presumption—Good Faith.**

The principles of law regulating and defining the property rights of the citizen are based upon the hypothesis that good faith is the rule and fraud the exception.......................................... ... .......... 572

APPLICATION for writ of error to Court of Civil Appeals for First District, in an appeal from Victoria County.

The error complained of was, that "the record in this case showing, as found by the Court of Civil Appeals, that appellee instituted this suit, during the existence of the marital relation, to recover damages to realty community property, the Court of Civil Appeals erred in holding that after the death of appellee's wife, intestate and leaving heirs, appellee, who had never qualified as survivor of the community, could prosecute this suit alone, without any showing of the existence of community indebtedness; and erred in holding that said children were not necessary parties to this suit."

*Proctors*, for application.—It is certainly true that this suit was a chose in action, and was at time of the wife's death property of the community estate.

We quote from our Supreme Court in Ezell v. Dodson, 60 Texas, 332: "The right to sue for damages for a tort is a chose in action, and is property within the legal sense of that term." Citing 2 Bish. Married Women, sec. 271. That a chose in action is property, see 19 American and English Encyclopedia of Law, page 287.

If property, this chose in action is within the scope of article 1653, Revised Statutes, providing, that "upon the dissolution of the marriage relation by death all property belonging to the community estate of the husband and wife, if there be children, shall pass one-half to

such children." The mere fact that this chose in action was then being asserted certainly can not alter its status as property of the community estate, and therefore under the statute one-half of this chose in action passed to said heirs. Under article 1654, however, this inheritance was incumbered by one charge, namely, that same was liable for community debt. Article 2852, the very article under discussion in the Ezell-Dodson case, cited above, defines community property as "all property acquired by the husband and wife during marriage, except that acquired by gift, devise, or descent;" and provides, that "during coverture same may be disposed of by the husband only." Article 2857, again, adds the proviso, that all community property shall be liable for community debts. Articles 2165 and 2166, though applying specially to the administration of community property, index the same idea. All these statutes are familiar, but their quoting emphasizes our position that the husband, upon the wife's death, derives his control over the wife's one-half of the community estate solely from the existence of community debts.

In the case of Moody, administrator, v. Smoot, 78 Texas, 119, cited by the Court of Civil Appeals, Judge Gaines draws a very clear distinction between the rights of a surviving husband and that of a surviving wife, and decides that an administrator of the wife can not interfere with the surviving husband in the application of the community estate to payment of the community debts. Under the facts in that case, showing community debts, the status of the surviving husband is likened to that of an ordinary partnership. In such cases this analogy had been before recognized. 15 Texas, 241; 20 Texas, 721; 53 Texas, 274. Its exact analogy in all cases has been deprecated. 15 Texas, 241. This Moody case (78 Texas), however, while denying the right of the administrator to interfere with the husband, does recognize the right of heirs so to do; and from this opinion we quote: "Though the administrator had no right to sue for the preservation of the community estate, it does not follow that the minor children (heirs of the deceased wife) could not sue. Their father held one-half of the community property in trust for them subject to the payment of community debts." This defines the surviving husband's trust, that he holds the community property subject to payments of debts. Now, being a trustee, his trust is an express one, well defined by the statutes and the decisions, namely, to use the same to pay community debts. Then, unless there be community debts, the trust relation can not exist, for there is no object matter for the trust. In the opinion in the present case the Court of Civil Appeals says, "that such interest as the heirs inherit from their mother (namely, one-half interest, among other things, in this chose in action), they took subject to the right with which the law clothed the surviving husband, namely, the right to have possession of the community property, and hence to reduce

it to possession." We grant this is eminently true and correct, provided that the premise of a community indebtedness be conceded. If appellee was liable for debts incurred during the marital relation, clearly he had the right under the statutes to have possession of the community property, and had the right to reduce same to possession, but such right exists alone for one object, namely, his protection against liability for community debts. We do not contend, that if appellee had shown in the suggestion of death, or by amended pleading, the existence of a community indebtedness, and a necessity that he be permitted to retain as sole plaintiff control of this cause of action, in order that out of the proceeds of same he might pay community debts, that he should not have been properly permitted so to do, and unless he abused this right no heir of the wife could complain. But we do strenuously deny that a surviving husband has any right to retain control of the heirs' one-half of the community estate when he discloses no community obligation existent; and we further deny, that in a case like the present one, where the appellee showed no right to apply any of the proceeds of the heirs' one-half of this chose in action, that he alone can reduce this chose in action into possession. Why "reduce same into possession," when he has no right to the same when so reduced? Has the husband the burden of reducing all choses in action into possession for the benefit of the heirs, when the same would in nowise advantage himself? Do the heirs only inherit that property which comes physically into possession of the surviving husband?

The status of the wife and the husband with respect to community property during the existence of the marital relation has been well defined. "Their rights to the property are equal, but hers is a passive right, his an active one." Carrol v. Carrol, 20 Texas, 743. "Their titles are equal, but during the existence of the marital relation the husband has the management, control, and disposition of the same for their joint benefit." Id. Upon the death of the wife, however, this power of untrammeled control and disposition ceases, and save for the statutory right to pay debts out of the community estate, all title of the wife passes to her children, and the wife's passive title becomes active, only dormant during the settlement of the community indebtedness; that the heirs could at once sue for partition. Akin v. Jefferson, 65 Texas, 137. By what authority can the husband resist the recovery by the children of all property of the community estate? Clearly alone by virtue of his right under the statute. He has no control save the one indicated.

In Woodley v. Adams, 55 Texas, 531, Judge Stayton, in discussing the analogy between the survivor of a marital relation and the survivor of an ordinary conventional partnership, bases the right of both upon the lien of the surviving partner upon the community estate for payment of community debts; and the analogy between this right of

the surviving spouse and the equitable lien of the ordinary partner is a most appropriate one. In the case just quoted the court says: "Until the community debts are paid, the heirs have no real interest in the community property." Then herein lies the test of real interest and the test of control, and right to reduce into possession, and same is based upon the existence of debts. Unless such debt exists, wherein lies appellee's title or interest in one-half of this cause of action?

It is true that in Rowland v. Murphy, 66 Texas, 534, the cause of action arose after the dissolution of the marital relation, but in this respect alone the case differs from the present one. The Court of Civil Appeals lays stress upon the remark in the Rowland case, that "neither the pleading nor evidence showed that Murphy was prosecuting this suit as qualified survivor of the community, or by virtue of any other representative capacity." Wherein does appellee so allege or show? If he had sued as qualified survivor, next friend, or guardian of said minors, or if he had disclosed in his pleading the existence of a community indebtedness, and the necessity on his part to collect the proceeds of this cause of action to pay the same, an appellate court would have been spared any contention on our part as to parties; but his petition discloses nothing save the accrual of damages to community property, and without any showing of other title to the cause of action, and without any showing of any interest whatever in one-half of the same, he seeks, and is permitted to recover, the entire damage.

If there were community debts, then appellee and his children can not be exactly said to be tenants in common as to the realty damaged; for the children, as said in the Woodley case, have no real interest until these debts were paid, and consequently, until such event, may be ignored. But there being no debts, eo instanti upon the wife's death the children do have a real interest, and do become tenants in common with their father. What was appellee's interest in this realty upon his wife's death? He owned his one-half, and had his equitable lien upon the remainder to see that same paid its portion of the community debts, and in order to protect this lien, had the right to retain control of this realty. If there were no debts, appellee had no interest whatever, save in one-half of the realty. So with the cause of action arising from damage to this realty.

The effect of the decision in the present case is to permit appellee to recover damages beyond his interest in this cause of action, and without any necessity for such recovery in order to protect himself, and without any right existent in him to retain for any purpose one-half of the damages he recovers.

We submit, that the pleadings and evidence in the present case show no right whatever in appellee to recover one-half of the damages awarded him, and that if the true facts are as this record shows, the

minor heirs are not prevented by this suit from yet recovering from appellant.

DENMAN, ASSOCIATE JUSTICE.—Herman Goldman and his wife sued the Gulf, Western Texas & Pacific Railway Company for damages resulting from the negligent digging of a ditch without proper outlets, whereby water collected and became stagnant near plaintiffs' residence, causing (1) depreciation in value of their home, for which the jury allowed $1000; (2) sickness in family, necessitating expenses for physicians and medicines, for which the jury allowed $600; (3) removal from said residence to town and renting another place, for which the jury allowed $250; and (4) loss of time in going to and from town to work, for which the jury allowed $125.

Before the trial the wife died, and the husband, after having suggested her death, asked leave of court to prosecute the suit in his own name, which the court allowed, over objection of defendant, to the effect, that since the petition disclosed the fact that the wife left children surviving, and that the cause of action was community property, and did not show the existence of community debts, or that the husband had qualified as survivor in community, the children were necessary parties.

The theory of defendant is, that the surviving husband "derives his control over the wife's one-half of the community estate solely from the existence of community debts," and that in the absence of such debts he has no right to collect and reduce to possession the community choses in action.

A surviving partner has the right to sue for and reduce to possession the choses in action and property of the partnership dissolved by death of the deceased's partner, and the executor of the deceased partner, without showing sufficient reason therefor, can not make himself party to such suit. Watson v. Miller, 55 Texas, 290; Fulton v. Thompson, 18 Texas, 286. This right does not depend upon the existence of debts. He is regarded as a trustee with power to collect and hold the estate in trust for himself, the firm creditors, and the representatives of the deceased partners. As to strangers, his right to recover is absolute. As to persons interested in the estate as creditors or otherwise, he is a trustee, subject to be controlled by a court of equity when necessary to protect the interest of the beneficiaries. Pars. on Part., 3 ed., p. 480. In this State there is much analogy between the relations of husband and wife as to property matters and those of ordinary partners. The analogy is not complete, for the husband, save in exceptional cases, has the sole power to bind the community, and is alone bound by contracts relating thereto, and the legal title to the community is generally vested in him, she having a mere equity; but we are of the opinion that it should be extended so

as to give him the power of a surviving partner to sue for, collect, and preserve the community estate in trust for himself and others interested, as creditors or otherwise, subject to be controlled by a court of equity when necessary to protect the beneficiaries. Moody v. Smoot, 78 Texas, 122.

Such power in the surviving husband avoids undue embarrassment to himself and the public, who deal with him, often without notice as to whether the transaction relates to the community estate or whether the wife be living or dead, and best promotes the interest of the children, whose share of the community is safer in the hands of the husband than in those of a stranger, and especially so where such stran er, as in this case, seeks to avoid liability in any event.

In some cases this power may be used by the husband to defra children, and so may the power to sell for the payment of debt same objections may be urged with greater force to similar p the surviving partner, who has not the husband's natural aff for his children and liability for their support, to restrain him from the abuse thereof.

The principles of law regulating and defining the property rights of the citizen are based upon the hypothesis that good faith is the rule and fraud the exception.

The principles here announced do not conflict with the rule in Rowland v. Murphy, 66 Texas, 534, where recovery was sought by the husband for damages to property owned by him and his children as tenants in common. The property was during the life of the wife the community estate of the husband and wife, but upon her death the children became tenants in common with him. There was no community relationship between the husband and children, and the damages to the property accruing after the wife's death, was not a community chose in action, as in this case.

We have given this question much consideration, and are of opinion that the court below and the Court of Civil Appeals correctly held that the suit could be prosecuted in the name of the husband alone, and the application for writ of error will be refused.

*Application refused.*

Delivered February 28, 1895.