SAN ANTONIO & A. P. RY. CO. v. EVANS.
(No. 1821.)

(Court of Civil Appeals of Texas. Texarkana.
June 28, 1917. Rehearing Denied
Oct. 4, 1917.)

1. HUSBAND AND WIFE ☞273(12)—COMMUNITY PROPERTY—ACTIONS BY SURVIVOR.

In an action by the widow and children of E. to recover for damages to land, wherein the petition alleged that plaintiffs were the legal heirs of E. and the owner of the described premises, the allegation that they were the heirs of E. should be treated as merely descriptive, and not as an allegation of the capacity in which they sued, and, under the following allegation that they were owners of the described premises, proof was admissible that the land belonged to the community estate of E. and the widow.

2. HUSBAND AND WIFE ☞273(12) — COMMUNITY PROPERTY—ACTIONS BY SURVIVOR.

The surviving widow has a right to recover damages accruing to community property during the lifetime of the husband.

3. HUSBAND AND WIFE ☞273(12)—COMMUNITY PROPERTY—ACTIONS BY SURVIVOR.

The surviving widow is a tenant in common of community property with the children, and not entitled to recover the entire damages to the property accruing after the death of the husband, but only such proportional part thereof as her interest in the property bears to the whole property.

4. APPEAL AND ERROR ☞877(6) — PERSONS ENTITLED TO ALLEGE ERRORS.

In an action by a widow and children to recover damages accruing to community property after the death of the husband, defendant could not complain of a judgment for the widow for the whole damages sustained and adjudging that the children take nothing by the suit.

5. APPEAL AND ERROR ☞877(6) — PERSONS ENTITLED TO ALLEGE ERRORS.

In such action, the court charged that the widow was the sole plaintiff, and that the jury should not consider the claims of the other plaintiffs, and rendered a judgment reciting that, after hearing the pleadings and evidence, the court instructed the jury that the widow was the sole plaintiff and dismissed as to the other plaintiffs, and, in conclusion, ordering, adjudging, and decreeing that the children take nothing as against the defendant. Held, that the court did not dismiss the children from the suit before judgment, which it was without power to do, but merely determined that there was no testimony on which a recovery by the children could be based, and hence the error was not prejudicial to defendant's rights and he could not complain thereof.

Appeal from District Court, McLennan County; Edwin J. Clark, Judge.

Action by Eliza Evans and others against the San Antonio & Aransas Pass Railway Company. From a judgment for the plaintiff named, defendant appeals. Affirmed.

As commenced, the suit was by appellee Eliza Evans, widow of Mose Evans, deceased, and their children and grandchildren, to wit, Viola Hicks joined by her husband, Will Hicks, Minerva Green joined by her husband, Billy Green, Rater, Robert, Jack, Alice, Erleon, Altea, August, and Irwin Evans, against appellant. It was to recover damages the plaintiffs alleged they had suffered because of the construction by appellant of its roadbed without "the necessary culverts or sluices,

as the natural lay of the land requires, for the necessary drainage thereof" (article 6495, Vernon's Statutes), whereby water was diverted onto land they owned, injuring same and destroying crops thereupon. In their petition plaintiffs alleged that "they are the legal heirs of Mose Evans, deceased, and are the owners of the hereinafter described premises and property." After instructing the jury that appellee Eliza Evans was the "sole plaintiff in this cause," and not to "consider the claims of the other plaintiffs herein," the court submitted special issues (30 in number) to the jury, and on findings made by them rendered judgment in favor of appellee against appellant for $1,410. In the judgment it was recited that:

"The court, after hearing the pleadings and evidence, instructed the jury that Eliza Evans is the sole plaintiff herein, and dismissed as to the other plaintiffs in said cause."

The concluding part of the judgment was as follows:

"It is further ordered, adjudged, and decreed by the court that the plaintiffs Rater Evans, Jack Evans, Robert Evans, Alice Evans, Altea Evans, Erleon Evans, by their next friend Alice Evans, August Evans, Irwin Evans, Viola Hicks and husband Will Hicks, Minerva Green and husband Billy Green, take nothing as against the defendant, San Antonio & Aransas Pass Railway Company."

Appellee having entered a remittitur of $70 of the sum adjudged in her favor, the court overruled appellant's motion for a new trial, whereupon it prosecuted this appeal. The plaintiffs against whom the court rendered judgment did not complain thereof, and they are not parties to the appeal.

Neff & Taylor, of Waco, for appellant. G. W. Barcus and Alva Bryan, both of Waco, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant does not contend that the land was not damaged nor crops thereon destroyed because of a failure on its part to construct its roadbed as required by law, nor does it contend that the sum adjudged against it exceeded the damages to the land and crops. The contention (that is, the only one we think it worth while to discuss) it makes is that appellee was not entitled to recover the damages as determined by the trial court. The contention is based on several minor ones, to wit:

1. That it conclusively appeared from the testimony that appellee owned only an estate for life in the land. Not only did it not so appear, but, on the contrary, it conclusively appeared that the land belonged to the community estate between appellee and her deceased husband, Mose Evans, and was their homestead at the time he died (seven or eight months before the suit was commenced), and after his death continued to be appellee's homestead. It thus appeared that appellee owned at least an undivided one-

half of the land. And if, in the absence, as was the case, of proof of the probate thereof, the will of Mose Evans admitted as evidence, without objection on appellant's part, should be given effect, it further appeared that appellee also owned, as said Mose Evans' devisee, a life estate in his one-half interest in the land, and was the executrix of the will, independent of control by the probate court.

[1, 2] 2. That the suit was by appellee and the other plaintiffs as heirs of Mose Evans, deceased, and was not maintainable by them in the absence, as was the case, of an allegation and proof that an administration had not been opened on his estate and that a necessity for such an administration did not exist. The insistence that the suit was by the plaintiffs as heirs is based on an allegation in the petition set out in the statement above, and, we think, is not tenable. The allegation of the plaintiffs that they "are the legal heirs of Mose Evans, deceased," should, we think, be treated as descriptive merely, and not as an allegation of the capacity in which they sued. The allegation following the one quoted, that the plaintiffs "are the owners of the hereinafter described premises and property," we think authorized the proof made by appellee, without objection on the part of appellant, that the land belonged to the community estate between her and her husband. As we understand the ruling of the Supreme Court in Ry. Co. v. Goldman, 87 Tex. 567, 29 S. W. 1062, appellee, as the survivor of the marriage between her and Mose Evans, had a right to recover the damages which accrued during the lifetime of her husband. In that case the husband and wife joined each other in a suit against the railway company for damages to land constituting their homestead and belonging to their community estate, caused by water diverted from its natural course by the railway company. Before the trial the wife died, and the husband was allowed to prosecute the suit—

"over the objection of the defendant to the effect that, since the petition disclosed the fact that the wife left children surviving, and that the cause of action was community property and did not show the existence of community debts or that the husband had qualified as survivor in community, the children were necessary parties."

The Supreme Court held that the survivor of the marriage had—

"the power of a surviving partner to sue for, collect, and preserve the community estate in trust for himself and others interested as creditors, or otherwise, subject to be controlled by a court of equity when necessary to protect the beneficiaries."

[3-5] 3. That it appeared that a part of the damages sued for and recovered accrued after the death of Mose Evans. The insistence as to this is that appellee and the other plaintiffs were tenants in common of the land after the death of Mose Evans, and therefore that appellee was not entitled to recover the entire damages accruing after his death, but only such proportional part thereof as her interest in the property bore to the whole of same. If we thought appellant had a right to make the contention we would sustain it, on the authority of Rowland v. Murphy, 66 Tex. 534, 1 S. W. 658, and cases like it. All the owners in common of the property were before the court, and the judgment was that none of them, except appellee, take anything by the suit against appellant. The plaintiffs other than appellee doubtless had a right to complain of the judgment, but they did not. No greater sum than it was liable for having been adjudged against appellant, it has no right to complain under the circumstances, because the adjudication was in favor of one instead of all the parties plaintiff. The contention made that the plaintiffs other than appellee were dismissed from the suit before the judgment was rendered is not tenable. The court was without power to dismiss them, and we think it appears from the judgment that he did not attempt to do so. As we construe the charge and the judgment, what the court did, and had power to do, was to determine that there was no testimony on which a recovery by any of the plaintiffs other than appellee could be based. If he erred in his conclusion, the error was not prejudicial to rights of appellant and it cannot be heard to complain thereof.

Assignments presenting other contentions than those discussed are also overruled.

The judgment is affirmed.