## GREBE v. FIRST STATE BANK OF BISHOP.

### No. 10062.

Court of Civil Appeals of Texas. San Antonio.

May 26, 1937.

Rehearing Denied June 16, 1937.

Kleberg, Eckhardt & Lowe, of Corpus Christi, and J. R. Fuchs, of New Braunfels, for appellant.

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellee.

MURRAY, Justice.

Florine Ella Grebe, a minor, suing through Louis Hauptreif, her stepfather, as next friend, brought this suit against the First State Bank of Bishop seeking to recover a sum equal to one-half of the deposit of her deceased father in the bank at the time of his death.

At the time of his death W. F. Grebe, the father, had $3,956.47 on deposit in the Bishop Bank. W. F. Grebe died intestate on March 1, 1924, leaving surviving him, as his heirs at law, his wife, Mrs. W. F. Grebe, now Mrs. Hauptreif, and a minor child, Florine Ella Grebe, appellant herein. No administration of any kind was had on the estate of W. F. Grebe, or on the estate of said minor.

On April 2, 1924, Mrs. W. F. Grebe deposited to her account in the Bishop Bank $1,242.37, the proceeds from the sale of cotton made by W. F. Grebe prior to his death.

On May 14, 1924, at the request of Mrs. W. F. Grebe, the bank transferred the sum of $3,791.65, being the then balance of W. F. Grebe's account, to the account of Mrs. W. F. Grebe. All of this money was community property, which fact was known to the officers of the bank, and they also knew that W. F. Grebe left a minor daughter.

On June 30, 1924, Mrs. W. F. Grebe made a loan of $6,000 to her brother-in-law, H. W. Grebe, of which sum $5,500 was drawn by check from the deposit in the bank, known by all parties concerned to be the community property of Mrs. W. F. Grebe and her deceased husband.

H. W. Grebe used this $6,000 to purchase a tract of land. The officers of the bank knew of the loan to H. W. Grebe to buy land, and the vice president of the bank took the acknowledgment of the deed to H. W. Grebe. Neither the bank nor any of its officers participated in the loan transaction or in the land purchase, other than as above stated.

After announcing ready, and before final judgment was rendered, the trial court permitted appellant to file a trial amendment. At the close of the testimony the trial court, before whom the case was tried, without the intervention of a jury, rendered judgment that appellant take nothing; from which judgment Florine Ella Grebe, acting through her stepfather, Louis Hauptreif, has prosecuted this appeal.

The evidence further shows that there were no debts owing by the community estate of W. F. Grebe and his wife, other than about $200 funeral expenses, which had been paid prior to the transfer of the W. F. Grebe account to his widow.

Shortly after Mrs. W. F. Grebe was married to Louis Hauptreif, H. W. Grebe conveyed to Mrs. Louis Hauptreif, as trustee for the benefit of Flora Ella Grebe, the 80 acres of land in Nueces county, which he had purchased with the $6,000 borrowed from Mrs. W. F. Grebe, now Mrs. Louis Hauptreif.

The question here presented is whether or not the bank is liable to the minor child for her interest in the community estate of her deceased father, W. F. Grebe, and her mother, by reason of the fact that the bank had transferred this deposit to the account of Mrs. W. F. Grebe and per-

mitted her to check the entire account out of the bank for the purpose of making a loan to her brother-in-law, H. W. Grebe.

It is clear that when W. F. Grebe died the legal title to the community estate was vested in Mrs. Grebe, as survivor of the community, and the title of the minor was merely an equitable one. Hand v. Errington (Tex.Com.App.) 242 S.W. 722; Hill v. Moore, 62 Tex. 610.

It is well settled that the survivor in community, without the necessity of qualifying under the statute, has the right to the possession of the community estate without the necessity of showing that there are community debts. Vernon's Ann.Civ. St. art. 3382 et seq. Gulf, W. T. & P. R. Co v. Goldman, 87 Tex. 567, 29 S.W. 1062; Tholl v. Speer (Tex.Civ.App.) 230 S.W. 453; Sanger Bros. v. Moody's Heirs, 60 Tex. 96; Coleman v. Coleman (Tex. Civ.App.) 293 S.W. 695; Wiseman v. Swain (Tex.Civ.App.) 114 S.W. 145; Carey v. Texas Pacific Coal & Oil Company et al. (Tex.Civ.App.) 237 S.W. 309; Walker v. Abercrombie, 61 Tex. 69.

It is also clear that the relation existing between a bank and a depositor is that of debtor and creditor, and when Mrs. Grebe demanded the right of control over the money in the bank, she was demanding nothing more than that the bank pay its debt to the community estate of herself and her deceased husband, and therefore if the bank had refused to deliver to Mrs. Grebe the money in this account, she could have sued and recovered against the bank in the same way that she might have brought suit against any other person who was indebted to the community estate. The bank did nothing more than was required · of it by law, when they placed the account of W. F. Grebe, deceased, at the disposal of Mrs. W. F. Grebe. The bank having transferred this account to Mrs. Grebe, who was entitled to it and who had the right to control it, was not charged with the duty of determining just what equitable rights the minor child might have in this fund and to see that such rights were protected. There was no privity between the minor and the bank, nor did the bank receive any benefit by the alleged misapplication of these funds by Mrs. W. F. Grebe.. The record does not show that the minor's estate has been lost as a result of the loan made to H. W. Grebe, but it does show that the land purchased by H. W. Grebe is now held in trust for the benefit of the minor.

The decisions seem to be clear that so long as there is no privity between the bank and the equitable owner of funds, and so long as the bank does not participate in and does not benefit from the transaction, there can be no liability on its part. Interstate National Bank v. Claxton, 97 .Tex. 569, 80 S.W. 604, 65 L.R.A. 820, 104 Am.St.Rep. 885; Coleman v. First Nat. Bank, 94 Tex. 605, 63 S.W. 867, 86 Am. St.Rep. 871; Pierce Petroleum Corporation v. Guaranty Bond State Bank (Tex. Civ.App.) 22 S.W.(2d) 520; Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co. (Tex.Sup.) 93 S.W.(2d) 701, 106 A.L.R. 821.

The conclusions we have here reached render appellant's other propositions immaterial and they are therefore overruled. We are of the opinion that the trial court rendered the proper judgment in this case and the same is here affirmed.

### On Motion for Rehearing.

Appellant calls our attention to the fact that we were in error in stating in our original opinion that the land purchased by H. W. Grebe is now held in trust for the benefit of the minor. The record discloses that after the land was conveyed to Mrs. Louis Hauptreif (formerly Mrs. W. F. Grebe) a foreclosure of a first lien was had and the land was lost, thus the minor's estate has been lost. This fact was not pointed out to us in the original briefs, but we are nevertheless glad to here make this correction.

The correction does not in any way change our original decision. Appellant's motion for rehearing is accordingly overruled.