### FIRST NAT. BANK OF EL CAMPO et al. v. GANN.

### No. 11147.

Court of Civil Appeals of Texas. Galveston.
March 13, 1941.

Rehearing Denied April 23, 1941.

Donald M. Duson, of El Campo, for appellant First Nat. Bank.

Geo. P. Willis, Jr., of El Campo, for appellant W. P. Gann.

M. S. Munson, Jr., of Wharton, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, John T. Gann, as administrator of the estates of A. Gann and Minerva Gann, deceased, for recovery of the value of certain notes and funds alleged to have belonged to the estate of A. Gann, deceased, and to have been converted by appellant First National Bank of El Campo. Appellee sought recovery against appellant W. P. Gann, in the event he was denied recovery against appellant bank.

Appellants answered by general demurrers, general denials and exceptions. They specially pled the two years' statute of limitation in bar of any recovery against them.

By cross-action, appellant bank sought recovery from W. P. Gann of any sum which might be awarded against it in favor of appellee.

In a trial before the court judgment was rendered in favor of appellee against appellant bank for the face amount of four certain notes alleged to have been converted by it and in favor of appellant Bank against appellant W. P. Gann for the face amount of two certain notes which he was alleged to have converted. Recovery was denied for the conversion of certain funds alleged to have been on deposit in said bank.

Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellant W. P. Gann.

The record shows that A. Gann died intestate in Wharton County on December 20, 1935, leaving his widow, Minerva Gann, and six children, all over 21 years of age, surviving him.

Before his death the said A. Gann had left with said bank for safe keeping a wallet containing certain notes payable to him. No charge was made by the bank for this service. At the time of his death this wallet was in the possession of the bank. There was also on deposit in said bank in the name of A. Gann the sum of $1,220.43. After the death of A. Gann and before an administration was had on his estate, the bank, with the consent of Mrs. Minerva Gann, and the remaining heirs of A. Gann, permitted John T. Gann to draw checks on this account in payment of funeral expenses, expenses of the last sickness of A. Gann, and the cost of a monument. After the payment of these debts, there remained on deposit in the bank in the name of A. Gann the sum of $147.53, which was later transferred by the bank to the account of Mrs. Minerva Gann.

On or about May 22, 1936, after the payment of all debts due by said estate and before an administration was had thereon, Mrs. Minerva Gann and W. P. Gann, with the permission of the bank, opened said wallet, which was still in the bank's possession, and took therefrom the following notes payable to A. Gann: Two notes executed by W. P. Gann of, respectively, $1,000 and $1,200; one note for

the sum of $150 executed by Oscar Williams, and one note for the sum of $75 executed by John Williams.

Minerva Gann died on November 20, 1937. On October 24, 1938, John T. Gann was appointed administrator of the estates of A. Gann and Minerva Gann, deceased, and qualified as such administrator. Thereafter the bank delivered to him as such administrator said wallet and the notes remaining therein. This suit was filed on January 2, 1940.

The controlling question presented in this appeal is whether appellant bank is liable to the estates of A. Gann and Minerva Gann, deceased, for the value of the notes which it permitted Mrs. Minerva Gann and W. P. Gann to remove from the wallet which it held as a gratuitous bailee.

■ While there is no affirmative finding in the record as to the ownership of the notes in question, they were presumably the community property of A. Gann and Minerva Gann and, as such, on the death of A. Gann the legal title thereto vested in Minerva Gann as survivor of their community estate and their six children, jointly, subject to the rights of creditors. Hand v. Errington, Tex.Com. App., 242 S.W. 722; Hill v. Moore, 62 Tex. 610; Walker v. Abercrombie, 61 Tex. 69; Gulf, W. T. & P. R. Co. v. Goldman, 87 Tex. 567, 29 S.W. 1062; Carey v. Tex. Pac. Coal & Oil Co., Tex.Civ.App., 237 S.W. 309.

■ Under the settled law of this state, Minerva Gann, as such survivor in community, had the right to the possession thereof as a part of said community estate without the necessity of qualifying as survivor in community under the statute and without the necessity of showing that there were no community debts owing by said estate. Gulf W. T. & P. R. Co. v. Goldman, 87 Tex. 567, 29 S.W. 1062; Davis et al. v. Magnolia Pet. Co. et al., Tex.Civ.App., 105 S.W.2d 695; Coleman v. Coleman, Tex.Civ.App., 293 S.W. 695; Carey v. Texas Pac. Coal & Oil Co., Tex. Civ.App., 237 S.W. 309; Walker v. Abercrombie, 61 Tex. 69.

While the trial court found that "W. P. Gann, accompanied by Minerva Gann, went to the bank and W. P. Gann was allowed to take out of said wallet and keep the two notes executed by him in the sum of $1200.00 and $1000.00", all parties to the suit stipulated that "his surviving wife, Mrs. Minerva Gann, and his son, W. P. Gann, * * * came to the First National Bank of El Campo and requested that they be permitted to open the wallet, and in the presence of E. J. Soderman, cashier of the First National Bank of El Campo, the wallet was opened by the said Mrs. Minerva Gann and W. P. Gann, and * * * notes * * * were removed from said wallet by them, the said Mrs. Minerva Gann and W. P. Gann."

It is apparent from above stipulation and from the record as a whole that permission was granted by the bank to Mrs. Minerva Gann and W. P. Gann, jointly, to open said wallet and that they removed the notes therefrom.

■ It follows, under above authorities, that Mrs. Minerva Gann, as such survivor, had the right to their possession after the death of her husband and that, when she requested the right of control over the contents of said wallet, she was requesting nothing more than that the bank turn over to her the personal property in its possession to which she was entitled, since she could have brought suit against the bank and recovered the possession thereof, and that appellant bank was not liable to the estates of either A. Gann or Minerva Gann for the value of the notes it permitted Minerva Gann and W. P. Gann to remove from said wallet.

While other assignments are presented, as we view the record, the questions above discussed and decided raise the controlling issues in the case, and render the remaining assignments immaterial.

The facts in the case having been fully developed, under the above conclusions, the judgment of the trial court must be reversed, including the bank's recovery against W. P. Gann, and judgment here rendered in favor of the appellants. It is accordingly so done.

Reversed and rendered.