## No. 6275.

### D. F. LEE v. L. M. TURNER ET AL.

1. PARTIES—HUSBAND AND WIFE.—In a suit for damages to the wife's separate property, while she is not a proper party plaintiff, yet the joinder of the husband and wife as plaintiffs is not reversible error. (64 Texas, 149.)
2. PARTIES—HEIRS.—Pending an administration, heirs can not sue, save where it is shown to be necessary for their protection.
3. ESTOPPEL.—Suit by children for damages to real estate the separate property of their deceased mother, the father joins as next friend of one of the heirs, held, that he would be estopped from thereafter asserting claim for damages for the same act to his life estate in one-third of the land.
4. TENANTS IN COMMON—PARTIES.—While all tenants in common should join as plaintiffs in an action for trespass, still a defendant can, and should, by instructions asked, protect himself upon the trial and have damages apportioned, and require the verdict to be limited to the proportional interest held by the plaintiffs.  (66 Texas, 533.)
5. DAMAGES.—One leasing land so as to give right of action to an adjoining owner is liable, whether he owns the land so leased or acts as agent in the leasing.

APPEAL from Bell.   Tried below before the Hon. W. A. Blackburn.

This is an appeal from a judgment allowing damages against the appellant for wilfully, and with intent to injure, leasing premises adjoining the home of the plaintiff, to prostitutes for the purposes of prostitution; it being alleged that the leased premises had been so used after the lease to the annoyance and injury to plaintiffs, etc.

The questions noticed in the opinion arose upon questions of pleading and practice, and the facts sufficiently appear in the opinion.

W. S. Holman, for appellant, cited, San Antonio Street Railway Company v. Helm, 64 Texas, 149; De La Vega v. League, 64 Texas, 205; 2 Willson's Ct. App. Cases, 175; Texas Practice, section 278.

*Harris & Saunders,* cited Marson v. French, 61 Texas, 173; Blank v. Aikin, 15 Wendell, 522; Wagner v. Jameson, 2 Denio, 306; Staple v. Spring, 10 Massachusetts, 74.

WALKER, ASSOCIATE JUSTICE. This suit was filed March 18, 1884, by Mrs. L. M. Turner and her husband, E. S. Turner, for damages to her undivided "one-third interest in the north half of lots one and two, in block eighteen, and in the two story rock house thereon, in the town of Belton," caused by defendant leasing his half of said rock house to prostitutes, etc. The defendant excepted to the petition because it disclosed other tenants in common not joined as plaintiffs. June 5, 1886, by leave of the court, Olivia C. Best joined as plaintiff, claiming one-third interest, and the alleged heirs of Mrs. Virginia Birdwell, deceased, appeared also, claiming one-third interest, said heirs being Thomas H. Birdwell, Effie Ulrich and her husband, Gus. Ulrich, and Julia L. Birdwell, a minor, by her next friend, Thomas Birdwell. The plaintiffs then amended, setting out in detail, the acts complained of—the leasing to prostitutes—the nuisance and damages, etc., asking judgment for damages, and that the nuisance be abated.

The defendant answered excepting to the petition; plea in abatement, because the heirs of Mrs. Virgina Birdwell, deceased, were improperly made parties pending the administration of her estate by her husband, Thomas Birdwell; general denial; and alleging specially that he had sold the premises before the acts complained of to one Lyendecker and that since the sale he had had nothing to do with the leasing of the property, etc.

The exception questioned the joinder as plaintiff, of Mrs. L. M. Turner in the suit for damages to her separate property. Our courts have held that such joinder, though improper, is not reversible error. (64 Texas, 149.) The husband can sue alone, and it is the better practice. (Rev. Stats., 1204; 64 Texas, 93.)

The defendant pleaded in abatement as to the suit by the children and heirs of Mrs. Virginia Birdwell. It was shown that she died in 1873, and that in 1874, Thomas Birdwell, her husband, qualified as her administrator, in Bell county. The court overruled the plea and the defendant excepted and urges the action of the court upon the plea as error. It is the statutory rule (Rev. Stats., 1201) that the personal representative may sue. It is the general rule as recognized by the courts that pending

an administration the heirs can not sue, save where it is shown to be necessary for their protection. (54 Texas, 36, Rogers v. Kennard; 28 Texas, 748, Giddings v. Steele; 25 Texas Supp., 12, Saunders v. Devereoux.) There are no allegations in the petition showing the necessity for suit by the heirs. The plea in abatement, should therefore, have been sustained. (56 Texas, 473, Webster v. Willis.)

Had the heirs shown reason sufficient for their prosecuting the suit, such as close of administration, partial partition including this property, or adverse action of the administrator, then it would seem that the presence of Thomas Birdwell as next friend for his minor child would operate as an estoppel against any claim by him for damage to his life estate, and his failure to assert his claim could not be taken advantage of by the defendant. That all the tenants in common should join such action has been held in 24 Texas, 209, May v. Slade. But the rights of a defendant may be further protected without a dismissal of the suit, by an apportionment of the damages. As in 66 Texas, 538, Rowland v. Murphy, where the interest of others appearing in the trial it was held error to refuse a charge limiting the right to recover to such damages as resulted to the interest shown to have been in the plaintiff in the property. In this case the interest of Thomas Birdwell appearing in the evidence could also have been disposed of by a charge limiting the rights of his children to their two-thirds interest in that which had belonged their mother. Such instruction was not asked, and it was not error to refuse the charge as asked by defendant upon the subject.

As to the effect to be given to the testimony to Lee's alleged sale to Lyendecker, we can only say that what, if any effect, should be given to it depended upon the credibility of Lee, who, as witness, produced the deed and testified to its execution. The jury could not be controlled upon that subject by the court. And if Lee controlled the property and leased it to the prostitutes knowingly, as was found by the jury, his liability would follow. It was a fact to be found by the jury.

For the error in permitting the heirs of Virginia Birdwell to sue pending administration, and without showing any sufficient reason, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 22, 1888.