ELIZABETH SCHELB ET VIR V. CHARLES SPARENBERG ET AL.

No. 7372. Decided February 8, 1939.
Rehearing overruled April 5, 1939.
(124 S. W., 2d Series, 322.)

*H. S. Lattimore,* of Fort Worth, for plaintiffs in error.

It was error for the trial court to admit in evidence testimony to the effect that the will was drawn so that the entire community estate should pass under it, when defendants had objected that such evidence was irrelevant, immaterial, hearsay and not binding on the defendants in any way and that such testimony attempted to vary and controvert the terms of the will which spoke for itself. Sailer v. Furche, 22 S. W. (2d) 1065; Avery v. Johnson, 108 Texas 294, 192 S. W. 542; Heidenheimer v. Bauman, 84 Texas 174, 19 S. W. 382.

*M. Hendricks Brown, Cantey, Hanger, McMahon, McKnight & Johnson* and *Gillis A. Johnson,* all of Fort Worth, for defendants in error.

No reversible error could exist in any event as to the admission of evidence which has been complained of as immaterial, etc., because the intentions of testator and the construction of the will were rendered immaterial by the answers of the jury to special issues. Farmer v. Zinn, 276 S. W. 191; Russell v. Boyles 29 S. W. (2d) 891; 44 Texas Jur., 586.

MR. JUSTICE CRITZ delivered the opinion of the Court.

As we understand this record, it shows the following facts which are pertinent to this opinion:

During the year 1902, and for many years prior thereto, H. Sparenberg and his wife, Johanna Sparenberg, lived in the town of Big Spring, Howard County, Texas. In 1902 H. Sparenberg died, leaving a written will. Omitting formal parts, this will reads as follows:

"That I, H. Sparenberg, of the town of Big Spring, in Howard County, Texas, being at this time less strong, physically, than when my usual state of health, but while still possessed of sound and disposing mind and memory do here now, make and publish this my last will and statement, revoking all wills by me at any time heretofore made, Item First: whatsoever earthly estate, possessions, effects, properties or interest therein, which I now have is the community property of my beloved wife, Johanna Sparenberg, and myself, accumulated, kept and preserved by and through our joint efforts and economy during the years we have lived and sojourned together in this life, that we might not come to want in our old age and therefor all the property of every kind, character and description as well as interest in any and all properties or estate and wheresoever situated which I shall own or be entitled to at the time of my decease.

"I give and bequeath to my said wife, to have possess, hold, use, dispose of and enjoy in just such way as she shall deem fit and proper during the term of her natural life.

"Item 2: I nominate and appoint my said wife Johana Sparenberg, to be sole executrix of this will and direct that no security shall be required of her as such executrix and that no other action shall be had in the County Court in the administration of my said estate than to prove and record this will and to return an inventory and appraisement of my estate after which my said executrix shall have full control over and management of said estate, with full authority to use, dispose of and appropriate as I have declared in item First of this will that she may do with and concerning said estate, vesting legal title in the purchaser of such portion of the said estate to whom she may convey parts or portions thereof.

"Item 3: Whatsoever, if anything remains of said estate after the decease of my said wife I will and direct shall vest in the children of my said wife and myself, George H. Sparenberg, Elizabeth Shelb, wife of P. J. Shelb, and Charles Sparenberg, share and share alike.

"Item 4: Should any of my said children die before my said wife shall die, but have heirs of his or her body surviving there

I direct that such heirs receive the portion their parent would receive under the provisions hereof. Share and share alike. In witness whereof. I have hereunto set my hand this 29 day of May, A. D., 1902, in the presence of A. C. Walker and S. H. Morrison, who attest the same at my request."

It appears that the above will was duly admitted to probate in Howard County, Texas. It will be noted that the will constituted Mrs. Johanna Sparenberg independent executrix thereof. Mrs. Sparenberg offered the will for probate, accepted under it, and duly qualified as independent executrix thereof.

H. Sparenberg and his wife had three children, one daughter and two sons. The daughter is now Mrs. Lizzie Schelb, wife of J. P. Schelb. The Schelbs are plaintiffs in error here. The two sons were Charles and George Sparenberg. Charles died after his father, but before his mother, unmarried and without issue. George also died after his father, but before his mother. George left two sons, Charles and Russell Sparenberg. These two sons are therefore the grandsons of H. and Johanna Sparenberg.

Johanna Sparenberg died in Fort Worth, Tarrant County, Texas, in November, 1933, at the very advanced age of 94 years. At the time of her death Mrs. Johanna Sparenberg left as her only surviving heirs at law her daughter, Mrs. Lizzie Schelb, wife of P. J. Schelb, and the two grandsons above named.

At the time of her death Mrs. Johanna Sparenberg left a purported last written will. Omitting formal parts, this will reads as follows:

"That I, Mrs. Johanna Sparenberg, of Big Spring, in Howard County, Texas, and temporarily residing in Fort Worth, Tarrant County, Texas, being of sound and disposing mind and memory and over the age of twenty one years and being desirious of settling my worldly affairs while I have strength to do so, do make and publish this my last will and testament.

"1.

"Upon my death I direct the payment out of my estate of all of my just debts and funeral expenses.

"2.

"I bequeath to each of my two grandsons, to wit Charles Sparenberg and Russell Sparenberg, of Austin, Texas, the sons of my deceased son, George Sparenberg, the sum of Five Thousand no/100 ($5,000.00) Dollars each in cash providing that there shall be on deposit to my credit in a Bank or Banks the sum of Ten Thousand and no/100 ($10,000.00) Dollars or more in cash, at the time of my death; in the event that there

shall be on deposit in a bank or banks to my credit at the time of my death a sum less than Ten Thousand and no/100 Dollars in cash, then it is my will that such amount on deposit shall be equally divided between my two said grandsons, Charles Sparenberg and Russell Sparenberg, share and share alike, in the event that either of my said grandsons Charles Sparenberg or Russell Sparenberg shall die before my death, then the amount of the bequest to such deceased grandson shall be paid to the survivor.

"3.

"It is my will that the remainder and residue of my estate including all property, personal, real or mixed, of which I may die seized or possessed, wherever the same shall be situated shall pass and vest in my beloved daughter, Lizzie Schelb, to have and to hold the same forever.

"4.

"It is my will that there be no legal proceedings with reference to the probate of this my will except the filing thereof for probate and the filing of an inventory and appraisement.

"5.

"And I do hereby nominate my beloved daughter, Lizzie Schelb, to be the sole independent executrix of this my last will and direct that no bond or other security be required of her as such."

After the death of Mrs. Johanna Sparenberg, Mrs. Lizzie Schelb offered her will for probate in the County Court of Tarrant County, Texas, and same was there probated as her last will and testament. We assume that Mrs. Lizzie Schelb, who was named independent executrix of such will, duly qualified as such.

After the probate of Mrs. Johanna Sparenberg's will in Tarrant County, Texas, Charles and Russell Sparenberg, the two grandsons, filed a proceeding in the County Court of Tarrant County, Texas, to annul such will and its probate on the grounds, generally speaking, of undue influence alleged to have been practiced by Mrs. Lizzie Schelb and her husband, P. J. Schelb, over the testatrix, and want of testamentary capacity on the part of the testatrix. This case was duly tried in the County Court of Tarrant County, Texas, and resulted in a judgment sustaining the will and its probate. Charles and Russell Sparenberg appealed to the 17th District Court of Tarrant County, Texas, and such appeal was duly docketed in that court.

It appears that before the above-described appeal was tried in the 17th District Court of Tarrant County, Texas, Charles

and Russell Sparenberg filed a civil action in such court against Lizzie Schelb and her husband, P. J. Schelb. We shall not attempt to detail the relief sought by this suit, except to state that it attempts to construe the will of H. Sparenberg, deceased, and, generally speaking, seeks an accounting and division of the estates of both H. Sparenberg and his wife, Johanna Sparenberg.

As we understand this record, both suits in the district court were, without objection from any party, consolidated, and tried as one case. The trial in the district court was with the aid of a jury, and resulted in a verdict and judgment annulling the probate of Mrs. Johanna Sparenberg's will. Also, such trial resulted in a judgment, generally speaking, for Charles and Russell Sparenberg on all issues involved. On appeal by the Schelbs to the Court of Civil Appeals at Fort Worth the judgment of the district court was affirmed. 111 S. W. (2d) 324. For further statement of the case we refer to the opinions of the Court of Civil Appeals. The case is before this Court on writ of error granted on application of the Schelbs.

■ The opinion of the Court of Civil Appeals states that a motion for new trial was filed in the district court by the Schelbs, and that none of the matters complained of in the first twenty-one assignments of error contained in their brief was incorporated in such motion. The Court of Civil Appeals then expressed it as its opinion that it should not consider any of such assignments. In spite of this opinion so expressed, the Court of Civil Appeals did consider and dispose of such assignments. The assignments concern matters that had been presented and ruled on by the court during the trial. We think the Court of Civil Appeals properly considered the assignments in question. It follows that the mere statement that such assignments should not be considered, when they were considered, could not have injured the Schelbs. This case was tried in 1936, and therefore present district and county court rule 71a, effective March 1, 1937, was not in effect at the time of the trial of this case.

It appears that during the trial in the district court Charles and Russell Sparenberg took the position that the H. Sparenberg will shows upon its face that the testator therein intended to dispose of the entire community estate of the testator and his wife, Johanna Sparenberg. These parties then took the further position that if they were mistaken in this, the H. Sparenberg will was ambiguous as to such intention, and offered the testimony of the attorney who drew it, to the effect

that H. Sparenberg instructed him to draw such will so that the entire community estate of himself and his wife would pass under it. The Schelbs objected to this testimony on grounds which we will assume, for the purposes of this opinion, were sufficient. Such objection was overruled, and the attorney who drew the will was permitted to testify, and did testify to the effect indicated. Also, the trial court, in effect, submitted to the jury the issue as to whether or not H. Sparenberg intended to dispose of the entire community estate by his will, and the jury answered in the affirmative. The Court of Civil Appeals, in effect, holds that no error was committed by the trial court in regard to the matters indicated. This is the matter on which this writ was granted. We are of the opinion that such matters do present error, for reasons which we will now proceed to give.

■ A careful examination of H. Sparenberg's will convinces us that it not only does not attempt to dispose of the entire community estate of himself and his wife, but, to the contrary, avoids such attempt. In this regard, the will recites that the wife is the one-half owner of all such estates. The will then proceeds to devise "all the property of every kind, character and description as well as interest in any and all properties or estate and wheresoever situated which I shall own or be entitled to at the time of my decease" to Johanna Sparenberg "to have possess, hold, use, dispose of and enjoy in just such way as she shall deem fit and proper during the term of her natural life." The will then makes the wife the independent executrix without bond, and makes it clear that the wife should have the power to sell any property bequeathed, and thereby pass good title to the purchaser. The will then provides that "if anything remains of said estate after the decease of my said wife I will and direct shall vest in the children of my said wife and myself." The will then names the children. The will then directs what shall become of testator's estate should the children die before the wife of the testator. None of these provisions indicates a desire or intent on the part of the testator to deal with any estate or property except his own. In fact, we think the will very clearly attempts to embrace no estate or property except the estate or property of testator.

Further discussing the above question, it is our opinion that if this will should be construed to be ambiguous on the question as to whether the testator intended to bequeath the entire community estate, or merely the interest he owned therein, then the law furnishes a solution by requiring that it be given the construction that only the property owned by the

testator was intended to pass thereunder. Rogers v. Trevathan, 67 Texas 406, 3 S. W. 569. In the Rogers Case, supra, this Court, speaking through Judge Stayton, said: "Having only an undivided interest in the land, were the terms of the will ambiguous, the testator would be presumed to have intended to devise only his interest in the entire tract," etc.

■ Finally, we hold that oral declarations of the testator, whether made at the time of executing the will or prior or subsequent thereto, were not admissible for the purpose of showing his intent. In other words, declarations of the testator may not be received to add to, contradict or explain the contents of a will. 44 Tex. Jur., p. 762, sec. 192; Heidenheimer v. Bauman, 84 Texas 174, 19 S. W. 382, 31 Am. St. Rep., 29; Peet v. Commerce & Ervay St. R. Co., 70 Texas 522, 8 S. W. 203. These authorities could be multiplied many times, but they are sufficient to show the rule.

It is evident from what we have said above that we hold, as a matter of law, that only the property owned and held by H. Sparenberg passed under his will. In spite of this, it is plainly evident from the statement we have made, including the contents of the two wills, that if Mrs. Johanna Sparenberg died intestate, it becomes absolutely immaterial whether H. Sparenberg's will covered the entire community estate of himself and Mrs. Sparenberg, or only his one-half thereof. It follows that if it should be held that no error was committed by the trial court in annulling Mrs. Sparenberg's will, and the probate thereof, no injury resulted to the Schelbs by reason of any error which occurred pertaining to H. Sparenberg's will. Simply stated, if Mrs. Sparenberg died intestate, the result of the case is the same, regardless of how the H. Sparenberg will is construed.

■ Counsel for the Schelbs earnestly contend that the error in admitting the testimony regarding what was said by H. Sparenberg to his attorney, who drew his will, cannot be held to be harmless, because it cannot be said that such testimony might not have influenced the jury in making answers adverse to the Schelbs to numerous special issues regarding the questions of undue influence, testamentary capacity, and other matters regarding the dealings between Mrs. Sparenberg and the Schelbs. We have carefully considered all the issues submitted to the jury, and in our opinion the testimony regarding the intent of H. Sparenberg could not possibly have had any influence on the jury in answering the questions submitted to

them bearing on other matters entirely foreign to the question of construing the H. Sparenberg will.

By several assignments the Schelbs contend that the answers of the jury to the several issues submitted to them by the trial court are against the great weight and preponderance of the evidence. The Supreme Court is a court of law, and not of fact. The assignments under discussion involved questions of fact, and not of law. Simply stated, they invoke the jurisdiction of this Court to pass on the sufficiency of the evidence. This Court has no such jurisdiction. The Court of Civil Appeals is a court of last resort on the issue of the sufficiency of evidence.

By their remaining assignments of error in this Court the Schelbs contend that there is no evidence in this record to sustain the findings of the jury, adverse to them, on the issues of undue influence and mental incapacity. Such assignments do raise questions of law. In other words, an assignment of no evidence raises a question of law which the Supreme Court has jurisdiction of. We have carefully considered these assignments, and in our opinion they must be overruled. The record in this case is very voluminous. The statement of facts contains 1173 pages. Most of the evidence is circumstantial, as it usually is where the question of undue influence is involved. Manifestly it would not be reasonably possible for us to make anything like a comprehensive statement of the facts contained in this record bearing on the question under discussion. We will say, however, that the Court of Civil Appeals in its original opinion and opinion on rehearing has made condensed, but fairly comprehensive, statements of the facts proved in the trial of this case. We think such statements are true to the record, and set out facts which, in law, constitute some evidence to sustain the findings of the jury on the issues under discussion. The factual sufficiency of such evidence, as already stated, was within the exclusive jurisdiction of that court.

We here refer to and adopt the opinions of the Court of Civil Appeals, original and on rehearing, in so far as such opinions purport to set forth, in a general way the facts proved in the trial of this case.

Because the application for writ of error in this Court points out no error that ought to cause a reversal of this case, it is ordered that the judgments of the Court of Civil Appeals and the district court be both affirmed.

Opinion delivered February 8, 1939.

Rehearing overruled April 5, 1939.