**LE SAGE et al. v. SMITH et al.**
No. 14134.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 15, 1940.

Rehearing Denied Dec. 13, 1940.

Marshall & King, of Graham, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellants.

F. V. Hinson, of Graham, and L. D. Hawkins, of Breckenridge, for appellees.

BROWN, Justice.

Mrs. Hettie Smith, appellee here, was the wife of M. D. Smith, now deceased, and was riding in the family auto with her said husband and their two minor daughters, Betty and Prudence, going from the South Bend neighborhood in an easterly direction toward the City of Graham, in which city the family lived, and the trip was being made in the late morning of June 12th, 1936, when an automobile driven by Roy Wheat, an employee of R. S. LeSage, traveling in the same direction, ran into the rear of the

Smith car and knocked it into the ditch on the side of the road, damaging the car and inflicting personal injuries on Mrs. Smith and the daughters.

A few months after the accident, Mr. Smith died, and, one day before the statute of limitations had run, Mrs. Smith, for herself and as next friend of her minor daughters, brought suit.

In the original petition we find that in stating the cause of action it is alleged that M. D. Smith died since the accident and "left these plaintiffs as his surviving heirs at law and who are entitled to as such heirs recover damages sustained by M. D. Smith on above date by the collision, etc.," and the prayer is for "such other and further, general and special relief, in law and equity, that these plaintiffs and each of them may be justly entitled to."

Attention is specially called to this first pleading, in view of the position taken by appellants here.

Appellants (defendants below) addressed a plea of misjoinder of parties plaintiff and causes of action, and this plea being urged, the trial court sustained it and by amended petition Mrs. Smith alone is made the party plaintiff.

The defendants demurred generally, urged several special exceptions, pleaded "joint enterprise" on the part of Mr. and Mrs. Smith, and also the statute of limitations of two years, and contributory negligence on the part of Mrs. Smith and Mr. Smith.

The cause was tried to a jury and thirteen special issues were submitted and same were answered as follows: (1) that at the time and place of the collision Roy Wheat was acting in the scope of his employment as a car salesman for LeSage Motor Company, (2) that Wheat failed to keep a proper lookout for other vehicles on the highway, (3) that such failure was a proximate cause of the accident, (4) amount of damages, $2,800, (5) the accident was not unavoidable, (6) that Roy Wheat was not engaged on some mission or business of his own and not for the LeSage Motor Company, on the occasion in question, (7) that Mr. and Mrs. Smith were engaged in a joint enterprise; (8) that Mrs. Smith failed to keep a proper lookout for other vehicles on the highway immediately prior to the collision, (9) such failure was contributory negligence, (10) that Mr. Smith had not stopped his car, at the time, without giving a signal, (11) not answered, dependent upon No. 10, (12) that Mrs. Smith's disability is not solely the result of injuries or diseases suffered by her prior to the accident, (13) that Mrs. Smith, acting for herself and through her attorney, exercised reasonable diligence to have process issued within a reasonable time after the suit was filed.

After the verdict was returned, the defendants moved for judgment on the verdict, and the plaintiff moved for judgment notwithstanding the verdict. Defendants' motion was overruled and plaintiff's was granted, and judgment so entered, and the cause was appealed, after defendants' motion for a new trial was overruled.

Seven assignments of error, being numbered 2, 3, 7, 10, 11, 13 and 16, said numbers corresponding with such numbered paragraphs of the motion for a new trial, are presented.

The first assignment presented is No. 3 and it asserts that the trial court erred in overruling defendants' motion for a peremptory instruction. The proposition insists that since the cause of action accrued on June 12th, 1936, and the suit was filed June 11th, 1938, and citation was not issued upon instruction of plaintiff's counsel, the cause was barred by the two-year statute of limitations.

We see no merit in the contention for several reasons. First, Mrs. Smith was under the disability of coverture when she was injured, and her husband having died before the suit was barred by the statute (Art. 5526 R.C.S.) under the provisions of Art. 5535, R.C.S., she had the same time after the removal of her disability by reason of the death of her husband that is allowed to others by the provisions of the laws on limitations.

It is obvious that she exercised this right in less than two years after the cause of action actually arose.

Second. If the mere pleading of said statute of limitations, under the facts disclosed by the petition, is sufficient, and no necessity existed for pleading negligence on the part of plaintiff in causing citation to be issued, we find that the facts concerning the matter were given to the jury and the jury, in answer to issue No. 13, found no lack of diligence on the part of plaintiff and her counsel. We think the jury had ample evidence to support such

finding. The case of San Saba Nat'l Bank v. Parker, Tex.Sup., 140 S.W.2d 1094, supports our views.

■ Assignment of error No. 2 is next presented, and it contends that the trial court erred in not sustaining the defendants' special exception No. 3, which complains that the plaintiff's petition does not sufficiently itemize the several items of damages sued for, viz.: hospital expense, physician's bill, physical suffering and loss of ability to earn a livelihood.

We think the pleading is specific and that it sufficiently sets forth the different items sued for. Farmers' & Mechanics' Nat'l Bank v. Marshall, Tex.Civ.App., 4 S.W.2d 165, writ dismissed.

Assignment of error No. 7 is next presented in these words: "The court erred in giving special issue No. 1 in that it is vague, indefinite and uncertain and should not have been given at all for the reason that the same is drawn in accordance with the definition of the phrase, 'acting within the scope of his employer' in the Workmen's Compensation Law of Texas. Said law having been enacted in terms sufficiently broad and flexible to protect the employee and does not apply nor was it intended to apply to personal injury suits as in this case and as so drawn constitute a general charge in violation of the laws relating to the form of special issues on the weight of the evidence and indicates to the jury what the answer to special issue No. 1 should be in order to arrive at a favorable answer to the plaintiff and is therefore prejudicial. (See para. 7, Motion for New Trial, Trans. p. 111)."

The following proposition is urged in support of the quoted assignment of error:

"Since the proof showed that Roy Wheat, the driver of the car which collided with that of the plaintiff, was returning to his home at Graham from a mission on which he had embarked to Eliasville, Young County, Texas, which mission was concerned chiefly with the location of three ball players, but on which mission Wheat, if he had found a prospective car purchaser, would have undertaken to sell a car belonging to the defendant, LeSage; and since LeSage knew nothing about the trip by Wheat to Eliasville, and since the suit is one for damages at common law and not one for recovery of compensation under the Workmen's Compensation Act, the court erroneously instructed the jury as to the meaning of 'scope of employment', in that he defined the phrase in accordance with the Workmen's Compensation Law of this State, and did not give the correct definition of that phrase, which is applicable to a common law action for damages where an employer is sought to be held liable for the negligence of his servant. (Germane to Asst. of Error No. 7, Trans. p. 111)."

■ Examining the record, as quoted by us, assignment of error No. 7 complains of the giving of Special Issue No. 1, and since the assigned error does not complain of the giving of such issue over the objection urged by the defendant against it, we must look to these objections in order that we may correctly interpret the assignment of error. It is fundamental that the appealing party, who presents error in the giving of an issue, must be relegated to and bound by the objections made by him to such issue. He cannot enlarge his objections either by his assignment of error, or by any supporting proposition. Appellant is complaining of the giving of Special Issue No. 1. Let us see what objections were urged against the issue. We find the following:

"Special Issue No. 1 is improperly submitted for the reason that there is no competent evidence in the case justifying the submission of such issue, all of the evidence being to the effect that Roy Wheat was on a private mission of his own upon the occasion in question.

"Special Issue No. 1 is drawn on the weight of the evidence in that it indicates to the jury by the verbiage used what the answer of the jury should be to said issue in order to find in favor of the plaintiff; furthermore, the same is vague, indefinite, uncertain and so broadly worded as to prejudice the possibility of a favorable finding thereon in favor of the defendants.

"In lieu of the Special Issue No. 1 the defendants request the following issue: 'Do you find from a preponderance of the evidence that on the occasion in question Roy Wheat was acting in furtherance of his employer's business?'"

Special Issue No. 1, given by the court, is in the following language: "Do you find from a preponderance of the evidence that at the time and place of the collision in question that Roy Wheat was acting in the scope of his employment as a car salesman for LeSage Motor Company?"

Thus it will be seen that the objection urged against Issue No. 1 is not leveled

at any definition of the term, "acting within the scope of his employment", but the complaint is of the form and substance of the very issue itself.

After consideration of these objections that were urged against the issue, we find no merit in them.

We are of opinion that there is competent evidence to support the issue and the finding of the jury thereon. The very best that can be said of the evidence, taken from the defendants' viewpoint, is that on the trip made by Wheat he mingled his personal business with the business of his employer and he was returning to the place where his employer lives—the city in which he and his employer live—when the accident occurred.

We see nothing in the issue tending to support the criticism that it is on the weight of the evidence, or that it is vague, indefinite or uncertain, or so broadly worded as to be prejudicial to the defendants.

But if, under the most liberal rules laid down by our Supreme Court, we are called upon to consider Issue No. 1 in connection with the objections made to the definition given in support of the issue, we find no error in the record.

The definition is: "By the term 'acting within the scope of his employment' is meant acts of every kind and character having to do with and originating in the work, business or trades of the employer, done by an employee while engaged in or about the furtherance of the affairs or the business of the employer, whether upon the employer's premises or elsewhere, and which act is done for the accomplishment of the object for which he is employed."

The "elements" embraced in this definition seem to have been expressly approved by the Supreme Court when it decided the case of Texas Power & Light Co. v. Denson, 45 S.W.2d 1001, and affirmed the judgment of the Court of Civil Appeals in the same case, reported in 81 S.W.2d 36. See, also, Fort Worth Hotel Co. v. Waggoman, Tex.Civ.App., 126 S.W.2d 578, writ dismissed, correct judgment and authorities there cited. Furthermore, at the defendants' request and in support of their contention that Wheat was not engaged in his employer's business but was on a personal mission, the court submitted to the jury Issue No. 6: "Do you find from a preponderance of the evidence that Roy Wheat was engaged on some mission or business of his own and not for the LeSage Motor Company, on the occasion in question?" And the jury answered, "No."

This issue, as framed by the trial court, embraces the subject matter set forth in Special Issues Nos. 4 and 5, which were requested by the defendants, and there is no objection urged against this issue which presented the affirmative defense on the part of the defendants.

The eleventh assignment of error, next presented, asserts that the trial court erred in rendering judgment for the plaintiff because the jury found her guilty of contributory negligence.

The automobile in which plaintiff was riding was struck from the rear by the car that was driven by Wheat.

Mrs. Smith would have never seen Wheat's car but for the fact that she looked back at a producing oil well that had just been "brought in". The testimony shows that there was a lane of automobiles on the highway near this oil well; that Mr. Smith slowed down his car as they were passing through the lane and by the well, and had accelerated the speed of his car when Wheat's car struck it from the rear. Wheat testified that he was not looking straight ahead when he hit the Smith car. He, too, was evidently interested in the oil well.

Mrs. Smith testified that as she looked back at the oil well she saw Wheat coming, and the following appears:

"Q. Now, from the time you first saw Mr. Wheat coming back there and the time he ran into the back of your car, how much time elapsed there? A. It was almost instantly. I didn't have time to do anything—just a few seconds."

Mrs. Smith further testified that when she saw Wheat was about to hit her car she screamed out—she "hollered" to her husband that "he was going to hit us, but he (the husband) didn't know what I was talking about, he didn't know anybody was coming behind us."

We do not believe that this evidence raises the issue of whether or not Mrs. Smith was keeping a proper lookout for other vehicles on the highway just immediately before the collision, and for that reason such an issue should not have been given and the trial court was correct in ruling that the answer to such issue (and to the supporting issue of negligence be-

cause no proper lookout was kept) should be disregarded.

In the absence of some evidence that would impose upon Mrs. Smith the duty to look for an automobile approaching from the rear, there could be no duty on the part of Mrs. Smith to keep a lookout for cars coming from such direction. We find no evidence here that would impose such a duty upon Mrs. Smith.

Mrs. Smith timely filed objections to the giving of these two special issues touching the question of contributory negligence on her part, and the trial court overruled her objections, whereas they should have been sustained. Evidently realizing the error thus committed, the trial court, on proper motion, disregarded the jury's findings thereon. Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7.

█ Assignment of error No. 13 next presented asserts that the trial court erred in refusing to grant defendants' motion for judgment on the verdict. The proposition urged in support of the assigned error asserts that the said motion was well taken because the jury found the plaintiff guilty of contributory negligence.

What we have said in connection with the next preceding assignment of error renders it unnecessary to discuss the thirteenth assignment.

Assignment of error No. 16 presents error bottomed upon the theory that judgment could not be properly rendered on the verdict because the undisputed proof shows a want of necessary parties plaintiff.

█ The supporting proposition asserts that the cause of action asserted by Mrs. Smith constitutes the community estate, and Mr. Smith having died prior to the filing of the suit, leaving Mrs. Smith and his two minor daughters as his heirs, these daughters inherited the community interest of their deceased father, in the cause of action brought, and these minor daughters are necessary parties to the suit.

It is nowhere contended that Mr. Smith suffered any personal injury in the accident.

We have shown, supra, that Mrs. Smith first brought suit for herself and in behalf of the minor daughters.

It cannot be said that the mere fact that this original petition contains two paragraphs in which, as next friend, Mrs. Smith attempts to recover for personal injuries which are alleged to have been sustained by the two daughters, that the pleading so filed comprehends only a recovery for the daughters as to such matters. The very forepart of the petition which we quoted in the statement of this case, discloses that Mrs. Smith, individually and as next friend, brought suit for herself and for the daughters, as the surviving heirs of the deceased husband and father to recover what he could have recovered had he lived. The defendants are responsible for the case not being tried on that theory. They urged their plea insisting that there was a misjoinder of parties plaintiff and of causes of action. Their plea, at their insistence, was sustained, and the court so ordered, and the result was that Mrs. Smith was compelled to sue alone and only for a recovery bottomed upon damages sustained by and to her person.

We confess that no such situation has ever been brought to our attention heretofore.

No objection was urged against this amended pleading by the defendants, on the theory that there is a want of necessary parties.

If there was error, it was invited by the defendants in express language. More than that, it was urged by them.

We do not believe that the defendants can be heard to take advantage of any such situation, under the facts disclosed.

At the insistence of the defendants, these minor daughters were dismissed from the suit, as participants therein, without prejudice to their rights.

What is Mrs. Smith trying to recover?

Obviously, damages for injuries sustained by her in and to her person. That she was entitled to recover such, in a suit brought by her husband, had he lived, no one will question. Now, that he is dead, we see no barrier to her bringing suit in her own name to recover the same damages.

Appellants cite no authority to support their contention and we do not believe that their position is well taken here.

Mrs. Smith had no husband on whom she could rely to bring suit for the personal injuries sustained by her. She was a widow when the suit was brought and we believe that she had the right to do so.

In the case of Rowland v. Murphey, 66 Tex. 534, 1 S.W. 658, the Supreme Court

**314**

had before it a suit where a surviving husband, who had several children surviving their deceased mother, brought suit to recover damages done to community property. The children were not made parties plaintiff and, on the trial, the defendants, discovering from the evidence that the children had inherited an interest in the subject matter from their mother, requested a charge limiting the right of the father to recover only such damages as resulted to him from injuries done to his interest in the property, and the trial court refused to give the charge. This was held to be error.

No such situation is presented here. No such charge was requested and no objections were urged to the charge presenting Mrs. Smith's right to recover.

It seems to us that under the authority cited, Mrs. Smith had the unquestioned right to recover "for the injury done to her own estate", and the failure of the defendants to have the recovery so limited cannot give them the right to complain here. Indemnity Ins. Co. v. Sparra et al., Tex.Civ.App., 57 S.W.2d 892, writ dismissed; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S.W. 1030; Schelb v. Sparenberg, Tex.Civ.App., 111 S.W.2d 324, affirmed by Supreme Court in 133 Tex. 17, 124 S.W.2d 322.

We find the following authority cited by Speer's Law of Marital Rights in Texas: Texas & P. Ry. Co. v. Watkins, Tex.Civ.App., 26 S.W. 760. In this case the mother suffered personal injuries at the hands of the railroad company and no suit was brought by her husband during his lifetime, whereupon, after the death of the husband, the wife brought suit to recover for the injuries done her person, as well as for the expenses incurred by reason of her injuries and attendant illness. She made her two minor children, also survivors, parties plaintiff, and recovered judgment in the trial court.

On appeal to this court it was expressly held that the surviving wife had the right to bring the suit and to recover for the damages done to her person. The railroad company raised the question of the children being improperly joined as parties plaintiff and the court overruled the contention. The Supreme Court granted a writ of error and the judgment was affirmed, 88 Tex. 20, 29 S.W. 232, 233.

In the opinion, we find the Supreme Court using this language: "It is not made to appear that any injury resulted to plaintiff in error from the fact that said children were joined in the suit as co-plaintiffs, and therefore it is unnecessary for us to determine whether the court below erred in holding them proper parties plaintiff. [San Antonio St.] Railway Co. v. Helm, 64 Tex. 147; Lee v. Turner, 71 Tex. 264, 9 S.W. 149."

It occurs to us that in the light of the cases we have cited there can be no error in permitting Mrs. Smith to recover in the instant suit.

Assignment of error No. 10 is last presented and it asserts that the trial court erred in submitting Special Issue No. 3, and the instruction in connection therewith, because it is on the weight of the evidence and indicates to the jury the effect of its answer both to special issue No. 2 and 3, and furthermore, indicates to the jury that the court thinks issues 2 and 3 should be answered favorably to the plaintiff.

We see no merit in the contention.

Special Issue No. 2 required the jury to find from a preponderance of the evidence whether or not Wheat failed, immediately prior to the collision, to keep a proper lookout for other vehicles on the highway, and the instruction required the jury to find "He did fail" or "He did not fail" as its answer.

It then became necessary to have the jury find whether or not such failure, if any, was a proximate cause of the injury of which complaint is made, and the trial court merely submitted Issue No. 3 conditionally, as follows: "Issue No. 3: If you have answered the foregoing issue in the affirmative, or he did so fail, then you will answer this special issue, otherwise you need not answer the same. Do you find from a preponderance of the evidence that such failure, if any, referred to in Special Issue No. 2, was a proximate cause of the injury complained of?"

We find no reversible error here. Finck Cigar Co. v. Campbell, Tex.Civ.App., 114 S.W.2d 348, affirmed in 134 Tex. 250, 133 S.W.2d 759.

The jury could not have answered Issue No. 2 in any other manner than same was answered, in view of Wheat's admissions on the witness stand. Any other answer would have had no support in the evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

On Motion for Rehearing.

Appellants have filed a vigorous and lengthy motion for a rehearing and we have carefully considered same, but feel that it is necessary only to discuss the matter of our disposition of 'the issues touching contributory negligence on the part of Mrs. Smith.

It is noticeable that appellants only allege that Mr. Smith and Mrs. Smith were guilty of negligence in not keeping a proper lookout for the motor vehicle being driven by Roy Wheat on the same highway and behind the plaintiffs.

There is no pleading averring that Mrs. Smith discovered the car driven by Wheat and was guilty of negligence in not giving Wheat a proper signal or warning, or in not operating their vehicle carefully after discovering Wheat's car approaching.

 We have said, in our opinion, that we know no rule of law that would require either Mr. Smith or Mrs. Smith to keep a proper lookout for vehicles approaching from the rear. Our idea of a proper lookout incumbent upon the operators of motor vehicles upon highways, is one that concerns vehicles in front of the party to be held to such rule, and not those approaching from behind, unless there appears some particular fact that calls the attention of the driver of the front car to the car that follows, which would impose some duty upon the driver of the front car to maintain such a lookout, or unless the driver of such car either slows down his vehicle or intends to stop the same, under which circumstances, or either of them, it would be the driver's duty to keep a proper lookout for vehicles following such car and to then give a proper signal to apprise the driver of the car in the rear of such intention.

But even so, in the instant suit, where it appears that Mr. Smith was not "looking back" and it appears that Mrs. Smith, when she looked back at the oil well near the highway, saw Wheat's car approaching from the rear, she had every reason to believe that Wheat was obeying "the law of the road": that he was keeping a proper lookout for the Smith car and would not negligently run into it. At least she had a right to so believe and depend upon Wheat's obeying such law until she saw that he was not going to do so. And when this fact was made known to her, under the undisputed testimony, it was too late for her to do more than she did do, namely, scream to her husband. This act upon her part did not prevent the collision, and there is no issue requesting a finding that Mr. Smith was negligent in not heeding her warning. In fact, there is no pleading justifying the submission of any such issue.

 Appellant cannot rely upon the provisions of subdivision (A) of Article 801, Penal Code of Texas, as he contends, for the reason that no issue was submitted or requested, and there is no finding that Roy Wheat gave any audible signal of his intention to overtake and pass the Smith car; and there is no evidence to support any such finding, had it been made. Furthermore, there is no pleading raising such issue of contributory negligence on the part of Mrs. Smith.

The motion is overruled.