KELLEY et al. v. HARSCH et al.

No. 9082.

Court of Civil Appeals of Texas. Austin.

March 11, 1942.

On Rehearing April 15, 1942.

Further Rehearing Denied May 6, 1942.

·C. C. Jopling, of LaGrange, for appellant.

Moss & Moss, of LaGrange, for appellees.

BAUGH, Justice.

Suit by appellants to recover what appellant, Grace Kelley, claimed was be-

queathed to her under the will of Amelia Harsch, deceased. Trial was to a jury, but at the close of the evidence, the trial court instructed a verdict in favor of Grace Kelley and Joe Gabitsch for all the furniture left by Amelia Harsch, for a $250 legacy that failed for want of a taker, and in favor of Herman Harsch for the land sued for, and rendered judgment accordingly; from which judgment Grace Kelley has appealed.

■ The case arose as follows: Amelia Harsch devised to Herman Harsch "my home place" and appointed him independent executor of her will without bond. He qualified as such and returned an inventory, appraisement and list of claims of her estate. She also made several money bequests of $200 each, one for $250 "to whoever waits on me during my last illnesss"; and made Grace Kelley and Joe Gabitsch her residuary legatees "because I think these are two fine girls, deserving remembrance from me." In addition to the real estate, household furniture, etc., the estate consisted of moneys in the bank and numerous notes. No one having waited on her during her last illness, the $250 bequest failed for want of a taker.

Many of the notes owned by Amelia Harsch at the time of her death, in July, 1936, did not mature until several years thereafter. After payment of the debts of the deceased, for a coping around her grave, and certain other bequests, the independent executor filed in probate court in 1937 what he designated as his final account, showing all moneys received and paid out by him, the moneys and notes still on hand, the bequests still unpaid and to whom due, that one bequest had failed for want of a taker, asked the estate be closed, and that he be finally discharged as executor.

Citation thereon was duly issued, served and returned, and the order of the probate court entered thereon recites: "And it further appearing from the evidence that it was impossible for said executor to convert the hereinafter mentioned notes into cash for distribution and for payment to the many named legatees, and that it is for the best interest of said estate and for said legatees, for the hereinafter mentioned notes to be distributed in kind; and further, that the said executor could not fully and equitably divide said notes to the satisfaction of said legatees, it was necessary for him and for the best interest of said estate for him to apply to this court and request it for orders dividing said notes; wherefore this court assumes jurisdiction and orders the distribution as hereinafter stated with the approval and consent of the named legatees; * * *"

The order thereupon sets out the named devisees under the will, sixteen of whom were bequeathed $200 each, with the residue passing equally to Grace Kelley and Joe Gabitsch; a detailed description of the notes, some of which were owned by some of the legatees in said will; recited that by agreement between them certain legatees had agreed to take, in lieu of the cash bequeathed to them, certain notes therein described, and other matters not pertinent to our inquiry here. The last paragraph of said order of the probate court provided: "And when the said executor has fully administered said estate in accordance with the orders of the court herein and has filed proper vouchers showing the payment of all final court costs and other expenses of administration, and proper receipts showing the payment and delivery of said property in accordance with this order, an order will be made and entered by this court discharging said executor from his trust and declaring said estate to be closed."

The suit filed by Grace Kelley in the District Court is not an appeal thereto from any order of the probate court, nor is it a suit to construe said will. It is to recover, as in final distribution, from the executor, certain properties which she alleges she is entitled to receive under said will.

We are, as is apparent, confronted at the outset with the question of the jurisdiction of the District Court over the subject matter of the suit. In her pleadings, the appellant adopted by express reference, as a part of her petition, the proceedings in the probate court. The appellees, both by special exception and by special answer, asserted the continuing and exclusive jurisdiction of the probate court, that the District Court was therefore without jurisdiction, and have cross assigned error on the refusal of the District Court to sustain such pleas.

We have concluded that, under the record presented, the District Court was without jurisdiction and should have dismissed said suit, and do not deem it necessary to

decide the other issues presented by the appellants.

While the application for discharge filed by the independent executor, the final account tendered, and the citation issued thereon were manifestly in accordance with the provisions of Chap. 25, Title 54, Arts. 3634 et seq., R.C.S.1925, it is now settled that an independent executor, even though not required to do so, may invoke the jurisdiction of the probate court in closing the administration and making final distribution thereof. Art. 3442, R.C.S. And when that is done the jurisdiction of that court attaches for that purpose in the same manner as if the executor were by statute subject to the supervision of that court. Appellant makes the contention that since the independent executor's application was not filed under Art. 3442, and that the will did not fail to "provide a means for partition of said estate" the probate court was wholly without jurisdiction to partition said estate and that its order undertaking to do so was void. It is true that the independent executor's application, in the prayer, did ask only for the approval of his final account and for his discharge; but the contents of it clearly showed that it was a suggested partition and distribution, of which he sought approval by the probate court. The order of the probate court, above quoted from, so considered it as did the devisees and legatees themselves. Not only is this true, but the recitals in the court's order show that the jurisdiction of that court was invoked for that purpose; that all the devisees and legatees, including appellant, submitted themselves to the jurisdiction of the probate court for that purpose and agreed to the order of partition and distribution so entered. This is made clear by the following recitals of the order itself: "And the said estate so remaining consists and is composed only of money and debt due the estate and is of sufficient amount to fully satisfy all of the said bequests and the hereinafter named legatees receiving notes in satisfaction of the amount bequeathed them, in open court consenting and agreeing to accept said notes for their part, it is hereby ordered and the court hereby fixes that the distributees receive the said estate as follows and hereby orders the said executor to deliver and pay each of said legatees the amount and notes hereinafter mentioned, * * *."

Then followed the specific moneys and properties set apart to each legatee, the last item being: "18. Grace Kelley...... $125.22 in cash and Note 4 of the McCrorey series."

From the above it is entirely clear, we think, that the jurisdiction of the probate court, as is expressly authorized by the provisions of Art. 3442, R.C.S., over the distribution and partition of the estate was not only invoked by the executor, but in effect by the legatees, when they came into court on the hearing thereon and agreed to the partition ordered by the court. They are therefore estopped to deny the jurisdiction of the probate court. Heavey v. Castles, Tex.Civ.App., 12 S.W. 2d 615. There was also involved in that adjudication by the probate court the legacy which had lapsed for lack of a taker, and how it should be distributed. Art. 3442 provides that the independent executor may, in invoking the jurisdiction of that court to partition and distribute such estate, "file his final account in the court in which the will was probated"; and when that is done the matter shall then be disposed of in the same manner as "estates administered under the direction of the court."

Having thus acquired jurisdiction over such partition and distribution, which the order of the court itself as above quoted shows to be a continuing jurisdiction until that order has been complied with by the executor, it is now settled that such probate jurisdiction is exclusive, and the district court could not properly acquire jurisdiction over such partition and distribution except as authorized by law. Buchner v. Wait, Tex.Civ.App., 137 S.W. 383; Boedker v. Boedker, Tex.Civ.App., 258 S.W. 566; Maxwell's Unknown Heirs v. Bolding, Tex.Civ.App., 11 S.W.2d 814; Zamora v. Gonzalez, Tex.Civ.App., 128 S.W.2d 166, 168, and numerous authorities there cited.

Plaintiff's petition, which incorporates by reference the probate proceedings above discussed, shows upon its face that administration of the estate is still pending in the probate court; and that she is seeking a recovery in the District Court wholly at variance with what was set aside to her in the partition decree of the probate court, though she consented to that decree, and did not appeal from it to the District Court. See 14 Tex.Jur., § 630, p. 442. Nor does this suit undertake to set aside the partition order of the probate court.

It is now settled that a valid order entered by the probate court in such cases has the force and effect of a final judgment, and that an original action in the District Court thereon, not prosecuted as an appeal or certiorari from the probate court, constitutes a collateral attack thereon which cannot be maintained. Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046, 112 S.W.2d 173; Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279, 284.

From the foregoing it is clear, we think, that the trial court had no jurisdiction over the subject matter of this suit, over which the probate court continued to exercise jurisdiction as above stated; and that same should have been dismissed. It follows that the judgment of the trial court must be reversed and the cause dismissed without prejudice. It is so ordered.

Reversed and dismissed without prejudice.

### On Appellants' Motion for Rehearing.

■ Upon re-examination of appellants' pleadings in the trial court we have concluded that, though not brought as a suit to construe said will, the relief sought, and the allegations on which such relief was predicated, necessarily involved the construction of such will. That is, a determination of what property was intended by the testatrix to be included as her "home place." Except as to this issue, all other matters were subject to the jurisdiction of the Probate Court. As to this issue the District Court had jurisdiction; but its judgment as to that must be reversed, because a fact issue for jury determination was presented by the evidence, some of which was admitted, and some of which was excluded.

■ It is well settled that the District Court has original jurisdiction of suits to construe wills. 44 Tex.Jur., § 195, p. 764. While there was no ambiguity in said will as to the devisees named and of the estates devised, the facts presented did raise a latent ambiguity as to what property was intended to be included in the language "my home place."

■ Mrs. Amelia Harsch and husband originally acquired in the town of Flatonia a rectangular tract of about 1 acre fronting north on a highway, on which was located a complete set of improvements, and which they moved into and occupied as a home continuously thereafter. Some time later they purchased a tract of about 3 acres adjoining their original home on the south on which also was situated another set of improvements. A fence was built between the two places and they were kept continuously separated. The trial court held that both places were included within the devise of "my home place" to Herman Harsch. The evidence showed that Amelia Harsch continuously used and occupied as her home the place originally purchased, and rented out the 3-acre tract and improvements last purchased as a separate tract. Manifestly, therefore, a latent ambiguity arose as to whether in devising to Herman Harsch "my home place" she intended both places to be included. The cardinal rule of construction is, of course, to ascertain the intent of the testatrix; and where an ambiguity arises as to the identification of the property devised, extrinsic evidence is admissible to show what property was included. 44 Tex.Jur., § 189, p. 758, and cases cited. And what was intended to be devised, where such ambiguity exists, "is regarded as a mixed question of law and fact, which may properly be submitted to the jury." 44 Tex.Jur., § 200, p. 768; Haupt v. Michaelis, Tex.Com.App., 231 S.W. 706.

■ Without undertaking to set out or discuss here the evidence excluded by the trial court, suffice it to say that any extrinsic facts or circumstances which will aid in determining the testator's intent are admissible. Hunt v. White, 24 Tex. 643; Haupt v. Michaelis, supra; Federal Land Bank v. Little, 130 Tex. 173, 107 S.W.2d 374, 377. It appears settled, however, that oral declarations of the testatrix, whether made before, at the time of, or subsequent to the execution of said will would not be admissible for the purpose of showing intent. Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322, 326.

Insofar, therefore, as the appellants' pleadings and the trial court's judgment involve a construction of said will as to what lands, designated therein as "my home place," were included within the devise made to Herman Harsch, the case is reversed and remanded for another trial; and our former judgment is modified accordingly. In all other respects the motion for rehearing is overruled.

Granted in part and in part overruled.