Sidney FRANK, Appellant,

v.

Trevor T. WALTON, Appellee.

No. 7145.

Court of Civil Appeals of Texas.

Texarkana.

June 16, 1959.

Rehearing Denied July 14, 1959.

Caldwell, Baker, Jordan & Hill, Marvin G. Shwiff, Dallas, for appellant.

Bailey, Shaw & Williams, George G. Walker, James A. Williams, Dallas, for appellee.

FANNING, Justice.

Sidney Frank, husband of Sylvia Frank, sued Trevor T. Walton, for damages for personal injuries to his wife and for property damages to his automobile, resulting from a collision wherein Walton's automobile struck a portion of Frank's car (which was being driven by Mrs. Frank) from the rear. The jury in response to special issues submitted, among other things, found that Mrs. Frank failed to keep a proper lookout and that such failure was a proximate cause of the collision. Judgment was rendered for defendant on the verdict of the jury, and plaintiff Frank has appealed.

Appellant presents three points on appeal. His points 1 and 2 read as follows:

No. 1: "The trial court erred in submitting to the jury special issue No. 15, over the objection of appellant, that

this issue was not supported by the pleadings."

No. 2: "The trial court erred in overruling appellant's motion to disregard the jury finding on special issue No. 15 and for judgment non obstante veredicto."

Defendant's pleadings with respect to the lookout of plaintiff's wife was as follows: "She failed to keep a proper lookout for the movement of the vehicles in front of her."

Special Issues Nos. 15 and 16 submitted by the court to the jury were as follows:

No. 15: "Do you find from a preponderance of the evidence that at the time and on the occasion in question Sylvia Frank failed to keep a proper lookout?

"Answer 'yes' or 'no.'

"If you have answered the preceding special issue, 'yes', you will answer the following issue; otherwise, you will not answer the following issue.

No. 16: "Do you find from a preponderance of the evidence that such failure, if any you have found in answer to the preceding special issue, was a proximate cause of the collision in question?

"Answer 'yes' or 'no.' "

Special Issues Nos. 15 and 16 were answered affirmatively by the jury.

Defendant, among others, made the following objections to the submission of Special Issue No. 15:

"(c) There are no pleadings to support the submission of said issue;

"(d) There is no duty upon the part of Sylvia Frank to keep a proper lookout and in particular to the rear, and said issues not being specific and inquiring about Sylvia Frank's lookout to the rear, is too general, vague and indefinite, and permits the jury to specu-

late as to Sylvia Frank's lookout in other directions besides to the rear of her automobile.

"(e) That said issues are not ultimate, and no judgment based upon an affirmative answer to said issues could be rendered by the court."

The trial court defined the term "proper lookout" in his charge as follows: "By the term 'proper lookout' as used in this charge is meant such a lookout as a person of ordinary prudence would exercise under the same or similar circumstances." Such definition (which is an orthodox approved definition) was not objected to by plaintiff.

The form of Issue No. 15 is an orthodox form for the general issue of "failure to keep a proper lookout," and such form has been approved by the courts of this state. See Morton v. Jasper, Tex.Civ.App., 167 S. W.2d 541, wr. ref., w. o. m.

Appellant contends to the effect, among other things, that the pleadings would only authorize an issue which would inquire as to whether Sylvia Frank kept a proper lookout for the movement of the vehicles in front of her and that Issue No. 15 as submitted would authorize the jury to consider any alleged failure of Mrs. Frank to keep a lookout to the rear, and/or to other directions not pleaded. In his brief appellant contends to the effect that Issue No. 15 as submitted was defective and subject to the objections made by him and he prays for a reversal by reason thereof; however, appellant nowhere in his brief points out how such alleged error was reasonably calculated to substantially harm him in the light of the record as a whole in this case.

The evidence in this case is amply sufficient to show that Mrs. Frank failed to keep a proper lookout for the movement of vehicles in front of her and that her failure to do so was a proximate cause of the collision. In fact, appellant does not present any points questioning the sufficiency of the evidence to support the jury's findings to Special Issues Nos. 15 and 16.

The evidence in the case also clearly negates any duty on the part of Mrs. Frank to keep a lookout for vehicles approaching her from the rear at the time and occasion in question involved in this lawsuit. See Le Sage v. Smith, Tex.Civ.App., 145 S.W. 2d 308, wr. dis., judgm. cor.; Valley Film Service v. Cruz, Tex.Civ.App., 173 S.W.2d 952, wr. ref., w. o. m.; Langham v. Talbott, Tex.Civ.App., 211 S.W.2d 987, wr. ref., n. r. e. In fact, both appellant and appellee seem to be in accord in their briefs that under the peculiar and unusual facts in this case Mrs. Frank was under no duty to keep a lookout to the rear at the time and occasion in question and they each cite the above referred to cases. In Le Sage v. Smith, supra [145 S.W.2d 315], it is stated:

> " * * * Our idea of a proper lookout incumbent upon the operators of motor vehicles upon highways, is one that concerns vehicles in front of the party to be held to such rule, and not those approaching from behind, unless there appears some particular fact that calls the attention of the driver of the front car to the car that follows, which would impose some duty upon the driver of the front car to maintain such a lookout, or unless the driver of such car either slows down his vehicle or intends to stop the same, under which circumstances, or either of them, it would be the driver's duty to keep a proper lookout for vehicles following such car and to then give a proper signal to apprise the driver of the car in the rear of such intention."

Appellee in his brief, among others, makes the following statements, arguments and observations:

> "Here appellee hastens to remind that the proper lookout in the case at bar is the lookout as described in the pleadings.
>
> "No objection was made by the appellant in this case to the definition of lookout, and the appellate courts of this state have wisely refused to place upon the trial court the onerous burden of negating every conceivable form of lookout that might not apply to the fact situation in the case before the court, such as, 'this does not mean lookout to the rear, lookout above, etc.' A person of ordinary intelligence who is given a proper definition of lookout in the court's charge should be able to determine in which direction a party was to keep a proper lookout. It was never asserted by the appellee in pleadings, evidence or argument to the jury that appellant had a duty to keep a proper lookout for vehicles to the rear under this fact situation, and certainly appellant never plead or mentioned this himself. Where, then, is the necessity of telling an intelligent juror in the charge that proper lookout does not mean lookout above, below, to the rear, etc. Moreover, there is no suggestion in appellant's brief that any of the jurors believed that appellant had a duty to keep a lookout to the rear in deliberating on lookout issue No. 15 in this case. This is simply a situation in which appellee plead failure to keep a proper lookout to the front, but appellant was apprehensive that some of the jurors might have thought this meant lookout to the rear."

■ Rule 434, Texas Rules of Civil Procedure, is also applicable to the submission of special issues, and in determining whether an offending issue was prejudicial and constituted reversible error the appellate court will consider its probable effect on the minds of the jury in the light of the charge as a whole. See Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S. W.2d 147, 149, wherein it is stated:

> "We find it unnecessary to review that holding, since we are satisfied from the very terms of the charge itself, considered as a whole, that the error in Special Issue No. 19 was not one which ' * * * was reasonably calculated to cause and probably did

cause the rendition of an improper judgment in the case * * *'. Rule 434, Texas Rules of Civil Procedure. In fact, viewing the charge as a whole, we think it an unreasonable and quite unlikely conclusion that the jury was misled by Special Issue No. 19."

We quote from 3–B Tex.Jur., Sec. 1053, in part, as follows:

"It is not every error in the submission of issues to the jury that is of sufficient gravity to call for a reversal. Where the error causes no surprise to the complaining party and results in no substantial injury to him it will be considered harmless. A special issue, though erroneous, will be regarded as harmless if it is an unlikely conclusion that the jury was misled by it. Thus no prejudicial injury may result from an error in the form or manner of submitting an issue, * * * The same may be true of error in submitting an issue on a question of law, * * * or an issue not in the case, such as an issue unwarranted by the pleadings and evidence. In the absence of a showing of substantial injury, a case will not be reversed for error in submitting an issue as to negligence or contributory negligence * * *."

Since it was neither pleaded nor contended by defendant that Mrs. Frank failed to keep a proper lookout for vehicles to her rear, since there was no evidence of probative force offered showing any duty on the part of Mrs. Frank to keep a proper lookout to the rear, we think we must assume that the jurors were intelligent persons who considered the lookout issue under the definition and charge of the court, along with the evidence adduced, and reached the conclusion that Mrs. Frank failed to keep a proper lookout for the movement of vehicles in front of her and that such failure was a proximate cause of the collision. We think it would be an unreasonable and unlikely assumption under this record to assume that the jurors found

that Mrs. Frank failed to keep a proper lookout to the rear and that such failure was a proximate cause of the collision in question, in view of the fact that such contention was not made in the court below and the evidence in the court below would not support such findings.

Appellant's first and second points do not constitute reversible error under this record and same are respectfully overruled.

Appellant by his third point contends that the trial court erred in sustaining certain special exceptions of defendant to plaintiff's pleading with reference to certain allegations with respect to certain claimed items of damages. In view of our holdings above with reference to Points 1 and 2, and our holding herein that defendant was entitled to judgment on the verdict of the jury convicting Mrs. Frank of contributory negligence as above shown, we deem it unnecessary to discuss appellant's third point.

Finding no reversible error in the record, the judgment of the trial court is affirmed.